ALBANY,
October, 1830.

Reynolds
v.
Ward.

---

## REYNOLDS *vs.* WARD and others.

An *agreement* without consideration by a creditor with the principal debtor enlarging the time of payment of a note does not discharge the *surety* to such note: *so held* on demurrer to a plea by the surety, averring that at the time when the note became due, the principal was able and ready to pay, and would have paid the note had the time of payment not been extended, and that after the note fell due, the principal became insolvent.

A promise to pay *interest* during the time of forbearance, forms no consideration for the agreement to forbear, when the debtor is already bound to pay interest.

DEMURRER to pleas. The declaration is on a promissory note made by A. Plumb, W. H. Ward and H. R. Bender to the plaintiff for $2000, dated 13th December, 1826, and payable *with interest* one year after date. Ward and Bender are described in the note as *sureties.* Ward alone appeared and pleaded the general issue, and *specially,* that he signed the note as *surety* for Plumb, and that before the note fell due, to wit, on the 12th December, 1827, it was mutually agreed

between the plaintiff and Plumb, without his knowledge or assent, that the plaintiff should postpone the payment of the note until such time as the plaintiff should commence the erection of a certain building in the village of Rochester, and should want the money therefor; and that Plumb should pay the principal and interest due and to become due upon the note at the expiration of the time of such postponement and forbearance. The defendant then averred that the plaintiff did not commence the erection of the said building and want the money therefor until *six months* after the note, according to its terms, became due; that at the time when the note became due, *Plumb was able and ready to pay, and would have paid* the same according to the tenor and effect thereof, if the plaintiff by the said agreement had not extended the time of payment; and that since the time when the note by the terms thereof became payable, Plumb has become and is *insolvent* and utterly unable to pay. There were three other pleas substantially like this, to each of which the plaintiff demurred.

*M. T. Reynolds,* for the plaintiff. The *surety* is not discharged by the agreement set forth in the plea. To produce such an effect, the agreement of the creditor with the principal debtor postponing the time of payment, must be founded on such a consideration as that it may be enforced by action, or that the hands of the creditor will be tied, so that he cannot prosecute the principal when required to do so by the surety. The agreement was without consideration, as by the *promise to pay interest,* the principal incurred no new obligation, being already bound to do so by his note. 2 *Vesey,* jun. 539. 2 *Brown's C. C.* 579, 582. 4 *Dessaus.* 604. 4 *Gallis.* 35. 2 *Caines' Cas. in Er.* 30. 2 *Johns. R.* 559. 16 *id.* 70. 15 *id.* 433. 13 *id.* 174. 12 *id.* 426.

*J. A. Spencer,* for the defendant. The principal having been ready to pay, and it being admitted by the demurrer that he would have paid, but for the enlargement of the time of payment, the *surety* should be discharged and the agreement be considered as a new loan. Why should the credit-

or for his own accommodation be allowed to continue the responsibility of the surety, when he might have had his debt paid and the surety been exonerated? A creditor cannot enlarge the time of performance of a contract by an agreement with the principal without the assent of the surety, and yet retain his hold upon the surety. Mere delay in enforcing the contract does not discharge the surety; but if the delay is in consequence of an agreement between the creditor and the debtor, without the assent of the surety, the latter is discharged. A promise to pay interest is a good consideration to support an agreement for forbearance. 1 *Johns. C.* 23. 3 *Johns. R.* 531. 10 *id.* 589. 13 *id.* 174. 15 *id.* 434. 17 *id.* 391. 2 *Johns. C. R.* 560. 1 *Esp. Cas.* 35.

*By the Court,* MARCY, J. It appears not only by the plea, but on the face of the note, that the defendant was *surety* for Plumb. The same rule is to be applied to a surety on a note as on a bond. The doctrine of the case of *Rees* v. *Berrington,* 2 *Vesey, jun.* 540, has been repeatedly recognized and sanctioned by this court, and is asked by the defendant to be applied to this case. Where one is surety for the debt of another, payable at a given day, if the obligee defeats the condition he discharges the surety. Extending the period for payment produces this result. If the beneficial holder of a note agrees on receiving a *premium* for delay to wait a stipulated time without suing the maker, he thereby discharges the endorser. *Hubbly* v. *Brown & Nichols,* 16 *Johns. R.* 70. In this case the court say they regard the endorser in the nature of a surety, and the maker of the note as the principal debtor. It was said by Kent, C. J. in giving his opinion in the case of *Ludlow* v. *Simond,* 2 *Caines' Cas. in Er.* 57, to be a well established principle both at law and in equity, that a surety is not to be held beyond the precise terms of his contract. The creditor has no right to increase his risk without his consent, and cannot therefore vary the original contract, for that might vary the risk.

The case of *Fulton* v. *Matthews & Wedge,* 15 *Johns. R.* 433, has a nearer resemblance to the one before us than any to be found in our reports, and it may be useful to consider

it somewhat minutely. There was added to *Matthew's* name, who had signed the note with *Wedge*, the word *"security."* The defence he made was like that contained in the pleas in this case. The note was dated in October, 1815, and was payable the 1st January following. It was proved that Wedge, the principal debtor, *before* the note became due, (the judge in his opinion says it was *after* it became due,) called on the payee and *offered to make a payment on the note in* depreciated bills ; the payee refused to accept the bills, but promised to wait till the next spring for payment. This, it will be observed, was a promise before the note became due to the principal debtor, without the knowledge of the surety, to extend the time for payment from January to the next spring ; there had also been a suit on the note, which was discontinued. Spencer, J. said that the plaintiff had done no act to preclude himself from suing Wedge at any time ; and on the ground that the plaintiff had never been required to prosecute Wedge, and that he had made no contract with him that disabled him from suing at any time, the court gave judgment for the plaintiff.

The principle to be extracted from the cases is, that the creditor cannot vary the terms of the contract so as to increase the risk of the surety without discharging him ; but the terms are not varied by mere indulgence. To discharge the surety, it would seem to be necessary that there should be some agreement by which the plaintiff's right to prosecute and enforce the fulfilment of the contract is suspended. The important question therefore in this case is whether the contract stated in the pleas for extending the time of payment tied up the hands of the plaintiff so that he could not sue Plumb on the note after it became due and before he began to erect his building mentioned in the agreement.

The case of *Fulton* v. *Matthews & Wedge* shows that a bare promise to delay made by the creditor to the debtor is not a valid contract for forbearance or giving time. Forbearance, in the legal sense of the word, is an engagement which ties up the hands of the creditor ; it is an act of the creditor, depriving himself, by something obligatory, of the power to sue. 1 *Holt,* 84. It was said on the argument

that there was an obligatory act in this case by which the plaintiff was bound to delay; that there was a consideration for the promise to forbear. What was that consideration? The promise by Plumb to pay interest on the debt so long as the plaintiff should delay. This was a promise to do precisely what he was bound to do without a promise. If the debtor's promise to pay interest creates no additional obligation, it is no consideration for a contract to delay. This case is not to be distinguished from *Pabodie* v. *King*, 12 *Johns. Rep.* 426, or *Fulton* v. *Matthews & Wedge*, in which the promise to delay was adjudged to be *nudum pactum*.

The drawer of a bill of exchange is as much a surety as the endorser of a promissory note. His liability is conditional; it only attaches on the default of the acceptor to pay, and due notice of that default. *Arundle Bank* v. *Goble*, *Chitty on Bills*, 298, *note*, was an action by the endorsee against the drawer of a bill. The defence was, that when the bill became due the acceptor applied to the holder for time, and this was granted on condition that interest should be allowed to him. The plaintiff had a verdict, and a motion for a new trial was denied. The court said that as no fresh security was taken from the acceptor, the agreement to-wait without consideration did not discharge the drawer, because the acceptor might, notwithstanding such agreement, be sued at any moment, and *the understanding that interest should be paid by the acceptor made no difference.* Ch. J. Best, in the case of *Philpot* v. *Briant*, 4 *Bing.* 717, vouches for the correctness of the case of *Arundle Bank* v. *Goble*, and most distinctly reiterates the same principle. Philpot, as holder of a bill, brought his action against the drawer, who defended on the ground that time had been given to the acceptor's executrix without the knowledge or consent of the drawer. The holder promised the representative of the acceptor to delay a reasonable time, provided the interest was paid; and pursuant to this agreement, the interest was paid out of the private income of the acceptor's executrix. Still, it was held in that case that the drawer, who was declared to have the character of surety, was not discharged by the delay. The giv-

VOL. V.            64

ing time for payment must be done by a contract binding up-on the holder of the bill or note, and a contract which has n o other consideration to support it than a promise to pay the accruing interest on the demand, without fresh security give n is not one of that description.

In this case, the promise of Plumb to delay was not sustain-ed by an adequate consideration ; the plaintiff's right to sue was not suspended by it for a single moment.

Judgment on demurrer for the plaintiff.