[Broome General Term, July 11, 1865. *Parker, Mason* and *Balcom*, Justices.]

---

## Van Rensselaer *vs.* Kirkpatrick.

Forbearance, by a creditor, without any binding agreement to refrain from taking proceedings, will not exonerate a surety. There must be a valid consideration for the agreement, and such as will preclude the creditor from enforcing payment against the surety until the expiration of the time specified.

Where an agreement was made between the maker and holder of promissory notes, that the former should pay the latter weekly installments upon the notes until the same should be paid, and that he would assign an account against the county, which had not yet become due, without any new note being given or new security actually taken; and the holder thereupon agreed that if the maker

Van Rensselaer *v.* Kirkpatrick.

paid as he proposed, and continued to do so, he would not trouble the indorser; *Held* that there being no valid consideration for the agreement to extend the time of payment, the terms of the original contract between the maker and the holder of the notes were not changed, and the indorser was not discharged.

*Held, also,* that the payment of a single installment, by the maker, was but a partial execution of the contract, and only the payment of what was actually due; and that it could not be regarded either as a consideration for extending the time, or as the actual full execution of the agreement.

APPEAL from a judgment entered upon the report of a referee. The action was brought by the plaintiff, against one Joseph D. Comstock, as maker, and A. Kirkpatrick, as indorser, upon two promissory notes. The defendant Kirkpatrick alone answered, and judgment having been perfected against Comstock, by default, the action was severed, and has since proceeded against Kirkpatrick, as sole defendant. The defenses relied upon by Kirkpatrick, to the enforcement of the notes, as set forth in his amended answer, were 1. That the defendant indorsed the notes solely for the accommodation of Comstock, the maker; and 2. That after the maturity of the notes, the plaintiff (being the holder of the notes) made an agreement with Comstock, the maker, altering the terms of payment of the notes, by agreeing to accept payment from him in weekly installments of $5, in each successive week, commencing with the time of said agreement, viz. about June 5, 1860, until both notes should be paid; and that said Comstock, being the proprietor of the "Lansingburgh Democrat" and "Greenbush Guardian," (having a claim against the county of Rensselaer for printing done and to be done, in said newspapers,) agreed that when the board of supervisors of Rensselaer county should meet, at its session in the fall of 1860, he would assign to the plaintiff a sufficient portion of said claim to pay the amount then remaining unpaid on said notes, under said agreement; and that said Comstock made one payment of $5 to the plaintiff, under said agreement, on or about June 15, 1860. That

said extension of time to Comstock was made without the knowledge or consent of Kirkpatrick, the indorser, and that he was thereby discharged from liability on the notes. The referee found the facts as alleged in the complaint, in regard to the making, indorsement and protest of the notes. He also found, as facts proved on said trial, that Joseph D. Comstock, the maker of said notes, at the time the same became due, was the proprietor, editor and publisher of two weekly newspapers, one called the Lansingburgh Democrat, and the other the Greenbush Guardian. That at an interview between the plaintiff and the said Comstock, in the forepart of June, 1860, the said Comstock proposed to the plaintiff to pay the notes mentioned in the complaint, in installments of five dollars each, payable in each successive week thereafter, until the whole amount of said notes and interest should be paid ; that when the board of supervisors of Rensselaer county should meet, in the fall of 1860, Comstock would assign to the plaintiff the bill and account which should accrue to said Comstock against said county, for printing to be done by said Comstock, between the time of said conversation and the time of meeting of said board, in the fall of 1860 ; that that amount should be added to the amount of payments which said Comstock should make, up to the time of meeting of said board. The installments and account against the county were also to be applied in payment of another note · for $15, besides those in suit. This proposition the plaintiff accepted, and informed Comstock that if he paid as he proposed, and continued to do so, the plaintiff would not trouble· the defendant on the notes in suit.

And as a conclusion of law, the referee found that the defendant was not discharged from his liability as indorser, by reason of the agreement alleged, and that the plaintiff was entitled to recover $230.10, for principal, interest and costs.

A judgment was entered upon the referee's report, and the defendant appealed.

*Chas. J. Lansing,* for the appellant.

*Otis Allen,* for the respondent.

*By the Court,* MILLER, J. The question to be determined in this case is, whether the agreement between Van Rensselaer, the holder, and Comstock, the maker, of the notes was a valid contract, founded upon a sufficient consideration.

The taking of a mere security from the principal debtor, having time to run, in payment of a note overdue, or any other alteration of the contract between the creditor and the principal debtor, without the consent of the surety or indorser, will discharge him. (*Myers* v. *Welles,* 5 *Hill,* 463. *Fellows* v. *Prentiss,* 3 *Denio,* 512. *Hart* v. *Hudson,* 6 *Duer,* 294. *Huffman* v. *Hulbert,* 13 *Wend.* 375. *Taylor* v. *Allen,* 36 *Barb.* 294. *Dorlon, adm'r,* v. *Christie,* 39 *Barb.* 610.)

Forbearance by a creditor, without any binding agreement to refrain from taking proceedings, will not exonerate the surety. There must be a valid consideration for the agreement, and such as will preclude the creditor from enforcing payment against the indorser until the expiration of the period specified. (*Chitty on Contracts, p.* 468. *Reynolds* v. *Ward,* 5 *Wend.* 501. *Bank of Utica* v. *Ives,* 17 *id.* 501. *Draper* v. *Romeyn,* 18 *Barb.* 166.)

The consideration for the agreement to delay the payment of the notes in suit was the payment of weekly installments and the assignment of an account which had not accrued at the time. No new note was given, and no new security actually taken. The single installment paid, and those to be paid thereafter, were all due at the time of the agreement, and the defendant and the maker of the note were liable to pay the whole amount. Numerous authorities hold that such an agreement is without any consideration, and void. (*Pabodie* v. *King,* 12 *John.* 426. *Miller* v. *Holbrook,* 1 *Wend.* 317. *Reynolds* v. *Ward,* 5 *id.* 501. *Bank of Utica* v. *Ives,* 17 *id.* 501. *Draper* v. *Romeyn,* 18 *Barb.* 166. *Chit. on Bills,*

447.) · I think these authorities are conclusive on the point presented.

.There being no valid consideration for an agreement to extend the time of payment, the terms of the original contract between the maker and the holder of the notes were not changed, and the indorser was not discharged. There was no consideration of benefit on the one side, or harm on the other, to raise or give effect to the promise. (*Gahn* v. *Niemcewicz*, 11 *Wend.* 312.) The holder would have had an unquestionable right to prosecute the maker and indorser, and the agreement alleged would not have been a defense. It is said that the contract was executed. The agreement to assign was never carried out, and could not be enforced. The payment of an installment was but a partial execution of it, and only the payment of what was actually due. Under the cases cited, it can not be regarded either as a consideration for extending the time, or as the actual full execution of the agreement. I think the decision of the referee was right, and the judgment should be affirmed.

Judgment affirmed.

.[ALBANY GENERAL TERM, December 1, 1862. *Hogeboom, Peckham* and *Miller,* Justices.]