## Union Pacific R. Co., E. D., *v.* L. P. Convers.

### *Error from Wyandotte County.*

Where the record shows that the case was tried by the court below, and a general finding for plaintiff below made, and judgment rendered, and a motion for a new trial made by defendants overruled, and where the record purports to set out the whole evidence, *held* that the reviewing court can only see whether all points necessary to a recovery were sustained by some evidence.

Where, in such case, the action was brought to recover money due for services rendered by plaintiff below for defendants,

*Held*, that it is necessary to a recovery that the record should contain some evidence showing plaintiff to have been in the employ of defendants, and that something was due therefor.

In the absence of such evidence, *held* that it was error in the court below to refuse to grant a new trial.

The evidence and facts of the case sufficiently appear in the opinion of the court.

*J. K. Hale*, for plaintiffs in error.

*D. B. Hadley* and *Jesse Cooper*, for defendant in error.

*J. K. Hale*, for plaintiffs in error, contended :

1. Corporations must act by agents duly constituted. (*Ang. & Ames's Cor.*, § 276 ; *Story Agency*, § 16.) The power of appointing such agents belongs to the corporation, unless the charter defines a different method. (*Angel*, § 277.) The charter method must be pursued. *Id.*, § 277.

2. By the charter of plaintiffs, this power is vested in the board of directors (*Char. W. Leav. & Pawnee R. R. Co.*, §5), and should be by vote or resolution. (*Angel*, §283; *Randall* v. *Vanvechton*, 19 *Johns.*, 65; 19 *Pick.*, 290.) And the proof thereof must be the records of the company. *Angel*, §283; 15 *Wend.*, 256; 13 *N. H.*, 532.

3. The judgment was rendered on a glaring defect of proof, and should, therefore, be reversed. (*Carter* v. *Delliman*, 2 *Sandf.*, 222; *Bort* v. *Smith*, 5 *Barb.*, 283; *Dodge* v. *Coddington*, 3 *Johns.*, 146; 18 *Wend.*, 141.) The defect consisted in an entire lack of proof showing authority in Hallett to bind the company. No appointment was shown—no acts of ratification. (*Charter of Co.*, §5; 13 *N. H.*, 532.) No evidence was introduced showing defendants below to have been a corporation, nor that they contracted as such, nor that Hallett purported to contract for them. *Stoddard* v. *Onondaga Conference*, 12 *Barb.*, 573; 18 *Iowa*, 572; 13 *How. Pr.*, 225; 16 *Barb.*, 642; 7 *Wend.*, 539; 5 *id.*, 482.

4. The court below, in the absence of contradicting proof, ignored the proved payment of $361.76, April 15th. The check was valid payment. 15 *Johns.*, 248; 3 *Wend.*, 66; 3 *Conn.*, 147; 1 *Johns.*, 34.

*D. B. Hadley and Jesse Cooper*, for defendant in error, submitted:

No questions of law were raised on the trial. The court found as a fact, that plaintiff below was entitled to recover of defendant below, the amount of the judgment rendered. A judgment of the court below, on the facts, cannot be reviewed by this court. 14 *Ohio*

*R.*, 586 (*Markle* v. *Town of Akron*) ; *Wright's Sup. C. Rep.*, 46, 673 ; 4 *Pet. R.*, 80.

By the Court, Safford, J.

This case was tried by the district court of Wyandotte county, without the intervention of a jury, and by consent of parties.

There was a general finding by the court, and an assessment of damages in favor of the defendant in error.

The plaintiffs in error and defendants below moved for a new trial, which was refused, and judgment rendered in accordance with the general finding and assessment of damages. To the overruling of the motion for a new trial and the findings and judgment of the court, the defendants below duly excepted, and bring the case here for review. The record shows all of the proceedings in the case, and all of the evidence upon which the findings and judgment were based, which was offered by both parties on the trial. And we are frank to say that under the former rulings and practices of this court, it is only upon one ground that we should attempt, or feel authorized to look into, the case as here presented at all, and that would be to see that some evidence was offered upon all points essentially necessary to sustain the finding and judgment.

With such a view we have carefully examined the record and testimony in this case ; and, having done so, are forced to the conclusion that there is a total lack of evidence as to some facts absolutely necessary to be established in order to a recovery, by the defendant in error, at all. For instance : It was necessary for evidence to be offered to prove that Convers was in

the employ of the railway company; then to prove what amount would be coming to him for his services. Now, taking it for granted that it is proved that Convers was in the employ of the railway company, and that it is also proved that for the months of March, April and May, there was owing to him, as alleged, the sum of $352.91, and then let it be remembered that he was, on the 15th day of April, paid the sum of $360.76, —and this he substantially admits, as we hold—and what evidence is there to support a judgment of $355.91? Even if the $170 item were taken into account—which it would seem could not have been done—it would not better the case at all for Convers.

But let us see just how this particular question stands, in the light of all the testimony bearing upon it, by whatever parties offered.

Devereux testifies that he was the secretary of the company; that their office was in St. Louis, Mo.; that he brought from St. Louis $20,000, furnished by John D. Perry, for the purpose of paying the employees of Hallett, contractor for the building of the company's railway; that on the 15th day of April, and while Convers was employed in the railroad office at Wyandotte, he paid to him (Convers), on account of Mr. Hallett, his check, signed by himself as secretary, in amount $360.76, and that Convers accepted such check for his pay and as his pay. This is not contradicted at all; but Convers himself testifies that he indorsed the check over to Mr. Hallett, and that he did not get the money from him, Hallett. We cannot see how such a statement on the part of Convers can have any force in explaining away the fact that he had received the check as his pay. After so receiving it, he had, of course, an undoubted right to do with it as he

pleased. The check could not be drawn without his indorsement, and such indorsement he placed upon it and gave it to Mr. Hallett.

The money was then drawn upon it. If, after doing this, he was not able to get his money back from Mr. Hallett, that certainly was his misfortune, and not the fault of the railway company; and he cannot again demand his pay for his services, by denying, under the circumstances developed in the record, that he was paid.

And it seems to us to make but little difference in regard to this question of payment, whether or no the court below found that Convers was in the service of Hallett or the railway company, or what was the real fact on this point. If he was working for the company, he most certainly received the amount of the check on his pay; and if he was working for Hallett, the same is equally true; for, on the hypothesis that he was in the employ of Hallett, it is undoubtedly shown that Devereux paid the check to him on account of Hallett, and that he received it as such. If, then, after that, he parted with the money to Hallett, he could have no claim on him (Hallett) for services, but his claim would be for money loaned. So, also, if he had really been in the service of the company, he could loan the money to Hallett or to any other person; but doing so—and it seems too plain for argument—he would most certainly be held to rely on his right of action for money loaned, and as against the party to whom the loan was made. We therefore think that there is no evidence in the record going to show that the defendant in error was entitled to recover the amount of the check in question, as against the railway company. The court below held that he was so entitled, as appears from any

computation we are able to make under the evidence, and in so doing, committed an error, for which the judgment ought to be reversed.

But we go still further in this case, and say that we think there was a failure of proof in regard to the assumption of the defendant in error, that he was in the employ of the railway company. He says in his testimony that Hallett employed him to keep books in the railroad office at Wyandotte, but he *supposed* it was for the company. This, as it seems to us, is the substance of the testimony—and it is doubtful if it is entitled to that name—bearing in favor of the claim of Convers, that he was in the employ of the company; while on the other hand, there is much and strong testimony going to prove that he was in the service of Hallett, as contractor, and was answerable to him alone.

But it is not necessary to pursue this question further, inasmuch as the first one, to which we have called attention, is decisive.

The judgment rendered by the district court is reversed, and the cause remanded, with instructions to sustain the motion for a new trial.

BAILEY, Associate Justice, concurring.