ROLLIN ROSE v. B. W. WILLIAMS, *et al.*

| 5 | 483 |
| 48 | 696 |

*Error from Atchison County.*

1. · SURETYSHIP —Whenever a creditor makes a valid contract with the principal debtor to extend the time of payment of a promissory note for one month, without the consent or knowledge of the sureties thereon, the sureties are thereby discharged from all liability.

2. CONTRACTS: VALIDITY OF.—An agreement to extend the time of payment on said note for one month, and taking the interest in advance for that time, as a consideration therefor, is a valid contract, and prevents the creditor from suing for that time.

3. PROMISSORY NOTES: SURETYSHIP.—The said note reads as follows:

"$1,500.00                                        Atchison, Kansas, December 31, 1867.

"Thirty days after date, we promise to pay to the order of Rollin Rose fteen hundred dollars, with interest at the rate of 12 per cent. per annum.

                                        " N. J. Holcraft,
                                          B. W. Williams,
                                          W. H. Wylie.."

The defendants, Williams and Wylie, set up as a defense to the action that they were only sureties; that plaintiff Rose knew when the note was made that they were only sureties, and that he, by a new contract with Holcraft, discharged them.  *Held:*

a)  That they are not estopped by the terms of the note from setting up said defense.

b)  That the pleading and proving that Williams and Wylie were only sureties, is not controverting any of the stipulations of the contract, but is simply pleading and proving a fact outside and beyond the terms of the contract.*

The opinion of the court contains a sufficient statement of the facts of the case.

---

*1.  SURETYSHIP.—A creditor can hold a surety to the full extent of his contract, and mere lapse of time will not impair the obligation.

2.  CIVIL CODE: DEFENSES.—Our civil code abolishes the distinctions between suits in equity and actions at law, and a defendant under it may insist upon any defense he may have—a surety may show that relation in his defense.

3.  JOINT AND SEVERAL CONTRACTS.—All contracts are several under our law, and one or · more of several joint obligors may be sued alone.

*W. W. Guthrie*, for plaintiff in error.

*C. G. Foster*, for defendant in error.

*Guthrie, for plaintiff*, contended:

1. The written obligation cannot be changed by parol. *Edw. on Bills*, 314–15, *and note* 5; *Chit., on Bills*, 142; *Sprig v. Birk*, 10 *Pet.*, 257, [*Curt.*, 110;] *Bond v. Storr*, 13 *Conn.*, 412; *Bull v. Allen*, 19 *Conn.*, 101; *McClure v. White*, 5 *Minn.*, 178, 188; 9 *Wisc.*, 379.

2. The obligation is joint on its face; the purport of it is, that all the obligors are principals. This cannot be changed by parol.

3. Whenever, in the cases, one joint contractor is allowed to show that he signed as surety, it is where, on the delivery of the obligation, it is received with that understanding. [*Sprigg v. Bank, ante; McClure v. White.*] So to make a defense resting on suretyship available, the circumstances of the *delivery*, not of the *signing*, should have been plead and proved.

4. The real relations between those signing as joint obligors, can be shown only between themselves. At all events, the surety should call upon the holder to prosecute the principal. *See the reasoning in Firman v. Blood*, 2 *Kas.*, 526.

5. Having assumed the liability of makers, defendants are estopped from denying it here.

6. The burden was on plaintiff to prove a cause of action. The record fails to show a preponderance in his favor.

*Foster, for defendants*, maintained:

1. Suretyship was competent matter in a defense, whether the note discloses it or not. *Civil Code*, § 570; *Rose v. Madden*, 1 *Kas.*, 445; *Smith v. Bing*, 3 *Ohio*, 33;

*Bank of Steubenville v. Huge*, 6 *id.*, 17; 5 *id.*, 207; 6 *id.*, 510; 2 *Lead. Cas.*, 391, 403; *Nichols v. Parsons*, 6 *N. H.*, 32; 4 *id.*, 221; 9 *Metc.*, 347; 2 *Den.*, 205; 18 *Ohio*, 54, 64.

2. The findings of fact by the court are not reviewable. [*House v. Elliott*, 6 *Ohio St.*, 497; *Gov't. v. Kumor*, 7 *id.*, 75; *Erwin v. Shaffer*, 9 *Ohio St.*, 43.] The only object of the findings is, that the questions of law may be reviewed. Where there is any evidence to support the findings, they will not be disturbed; 14 *Ohio St.*, 377, 382; 1 *Kas.*, 303; 3 *id.*, 374–77, 293, 499; 4 *id.*, 206, 117.

3. The court will not weigh the evidence, *Ide v. Churchill*, 14 *Ohio St.*, 377; *Eastman v. Wright*, 4 *Ohio St.*, 159; *Nash.*, 549.

4. The claim against a surety is *strictissimi juris*. *Chitty on Contr.*, 542, 543 *and notes; Edw. on Bills*, 355, 572; *Bank of Steubenville v. Carroll*, 5 *O.*, 207, 214; 6 *O.*, 17; *Jenkins v. Clarkson*, 7 *O.*, 75; *McComb v. Kittridge*, 14 *O.*, 348, 351; *Blayer v. Brundy*, 15 *O.*, 57; *Wood v. Kirk*, 15 *O.*, § 295; 2 *Am. Lead. Cas.*, 397, 400; *Huffman v. Hurlburt*, 13 *Wend.*, 375; *Dobbins v. Bradly*, 17 *Wend.*, 422; 20 *O.*, 93; 2 *O. St.*, 1; 14 *O. St.*, 383, 385; 7 *Hill*, 250; 10 *Johns.*, 18; *Boston Hat Manf. Co. v. Messinger*, 2 *Pick.*, 235; *Miller v. Steward*, 9 *Whart.*, 680, 720; 13 *N. H.*, 240; 15 *id.*, 119; 6 *id.*, 19.

5. The statute [*Comp. L.*, 351,] does not change the law relative to discharging sureties. *Ide v. Churchill*, 14 *O. St.*, 377, 382.

6. The making of a new valid agreement by the principal with the obligee without the consent of the sureties, as the extending of the time for the payment of the obligation discharges the sureties. *Ide v. Churchill*, 14 *O. St.*, 377; *Boumokee v. Moose*, 7 *Price*, 233.

7. The distinctions between joint and several con

tracts, and as to joint and several obligors have been wiped out by statute. *Comp. L.*, 351, § 1; *Civ. Code*, '59, § 94.

8.  The defendant may set up as many defenses as he may have. *Civil Code*, § 396.

9.  Judgment may be rendered against one or more defendants, determining their ultimate rights. *Id.*, § 470.

*By the Court,* VALENTINE, J.

This was an action brought by Rollin Rose in the district court of Atchison county against Nelson J. Holcraft, B. W. Williams and W. H. Wylie, upon the following promissory note :

" $1,500.00              Atchison, Kansas, Dec. 31, 1867.

" Thirty days after date, we promise to pay to the order of Rollin Rose, fifteen hundred dollars, with interest at the rate of 12 per cent. per annum."

"N. J. Holcraft,

B. W. Williams,

W. H. Wylie."

The defendants, Williams and Wylie, set up in their answers that they signed said note as sureties only, for Holcraft; that neither of them received any part of the money, or any other consideration for signing said note. and that these facts were well known to the plaintiff, Rose ; that said Holcraft, after the note became due, offered to pay the same to Rose; but that Rose would not receive said money, but agreed to let Holcraft keep the money for thirty days longer, upon paying a valuable consideration therefor, which Holcraft did ; and that at the expiration of said thirty days Rose gave Holcraft another extension of time for another thirty days, upon

the same terms, all without the knowledge or consent of Williams and Wylie, and they therefore claim that they were discharged from further liability on said note.

The plaintiff moved the court to strike out of defendant's answer, such portions as set up that they were sureties on the note, and that plaintiff was aware of such relation, etc.

The plaintiff also objected to the evidence offered by the defendants to prove that they were sureties on said note, and that with the knowledge of the plaintiff.

In short, the plaintiff objected to the defendants, Williams and Wylie, being permitted to either plead or prove that they signed the note as sureties only, etc.

All the evidence in the case is brought to this court.

The trial was by the court, and the court found as follows:

Conclusions of fact:

1.   " That the defendants, Williams & Wylie, signed the note as sureties, and the plaintiff knew the fact that they signed only as sureties."

2.   " That the plaintiff, when the note became due, in consideration of Holcraft's paying him thirty dollars, as a month's advanced interest, agreed with Holcraft to give him a month's more time on the note; that at the end of said second month, for the same consideration, plaintiff and defendant Holcraft agreed for a further extension of one month, and in like manner the time of payment of said note was extended until April 30th, 1868."

3.   " That said extensions of time were made without the knowledge or consent of either said sureties."

4.   " That in the month of April, 1868, defendant Holcraft came into the county of Atchison, with three or four thousand dollars worth of property; that the fact

of his so coming was known to defendant Williams; that defendant Williams had then ascertained that said note was still unpaid, and that said Williams did not then notify plaintiff of Holcraft's so coming."

Conclusions of law:

" That plaintiff's taking the interest in advance, and agreeing to not sue, for the time interest was so paid, was a contract binding upon plaintiff, and prevented him from suing said Holcraft during the time so agreed upon."

2. " That said extension of time discharged said sureties."

The plaintiff moved for a new trial, which the court overruled, and he now brings the case to this court for review.

We think the rulings of the court were correct. The defense that the plaintiff moved to strike out of the answer was a good defense, and the defendants, Williams and Wylie, had a right to introduce evidence under it to prove the same. The special findings of fact by the court, were sustained by the evidence. But we should not disturb them unless they were clearly against the weight of the evidence, [3 *Kas.*, 293, 294, 374, 377; 4 *Kas.*, 206, 208.] We think that the conclusions of law were also correct, and the court properly overruled the motion for a new trial.

It is admitted that a creditor can hold a surety to the full extent of his contract; and it is also admitted that where neither the creditor nor surety takes any action with reference to the debt, mere lapse of time will not in any respect impair its obligation until the statute of limitations steps in and bars its recovery; but when the creditor makes a new and valid contract with the principal debtor without the consent of the surety, extending

the time for payment, the surety is thereby discharged from all liability. This proposition is so well settled, that we think it needs neither argument nor citation of authorities to sustain it.

It is claimed, however, that when a surety signs a written contract, as though he were a principal, he is thereby forever estopped from either pleading or proving that he is only a surety.

However this might be, if it were stated in the contract itself that he was a principal, we shall not decide; but if the contract is silent upon the matter, neither stating that he is principal or surety, the great weight of authority is the other way. In such a case the pleading and proving that he is only a surety is not controverting any of the stipulations or terms of the contract. It is simply pleading and proving a fact outside and beyond the terms of the contract.

When the creditor knew, as in this case, at the time the contract was made, that two of the parties signing the contract were only sureties, we can see no possible objection to allowing them to plead and prove the truth.

He had as full notice of their rights as though this fact was set out in full in the contract itself that they were only sureties.

The authorities are referred to in counsel's brief.

It must be remembered, however, that in this state, if a surety in a case like this has any remedy, in any form of action, legal or equitable, as plaintiff or defendant, he can under our code, set it up as a defense in an action like this.

In this state all distinctions between actions at law and suits in equity, and the forms of all such actions and suits are abolished, [*Code*, § 10,] and the defendant may set forth in his answer as many grounds of defense as he

may have, whether they be legal or equitable or both. [*Code*, § 94.] All contracts which are by the common law joint only, are here joint and several, [*Gen. Stat.*, 183, § 1; *Comp. L.*, 357, § 1;] and suits may be prosecuted against any one or more of those who are liable; [*Gen. Stat.*, 183, § 4; *Comp. L.*, 357, § 4;] and judgments may be given for or against any one or more of several plaintiffs, and for or against any one or more of several defendants, [*Code*, § 396;] and the same judgment may be rendered against one of the defendants as principal, and against another as surety. *Code*, § 470.

Hence, those decisions of other states that hold that a surety has no remedy *at law*, but has a remedy *in equity*, are about as favorable decisions for these defendants, as though they held that a surety had a remedy at law.

The judgment of the court below is affirmed.

All the justices concurring.