HALE, respondent, *v.* FORBIS, appellant.

SURETY ON PROMISSORY NOTE — *release by extending time of payment — reduction of interest.* A. and B. made a promissory note September 1, 1873, and promised to pay C. a certain sum nine months after date, with interest at the rate of two per centum per month. A. paid the interest until November 1, 1874, when he signed the following memorandum on the note : " In consideration of further time being granted, I agree to pay one and one-half per cent interest per month on the within note until paid." A. was adjudged a bankrupt in 1875. Upon the trial B. offered to prove that he was a surety upon the note, and that A. and C. entered into an agreement, without his knowledge, to extend the time for the payment of the note until the spring of 1875, and reduced the rate of interest to one and one-half per cent per month. The

court excluded the testimony, and entered judgment against B. *Held*, that there was no consideration for the extension of the time of the payment of the note by C., and that B.'s evidence did not establish a defense to the action.

*Appeal from Third District, Lewis and Clarke County.*

The action was tried before Wade, C. J., with a jury.

Woolfolk & Bullard and E. W. & J. K. Toole, for appellant.

A valid contract between the principal and payee of a note extending the time of payment for any period, without the consent of the surety, will release him. The payee must keep in a condition to proceed on the note according to its terms. If he ties up his hands without the consent of the surety he releases him. 1 Story's Eq. Jur., § 326; Edw. on Bills, *355, 572, 573; 2 Am. L. C. 308, 309; *King* v. *Baldwin*, 2 Johns. Ch. *560; *Bangs* v. *Strong*, 7 Hill, 250.

It is not necessary that the security appear on the face of the note as such, if payee knew he was so in fact. Edw. on Bills, *573; *Suydam* v. *Westfall*, 2 Denio, 205; *LaFarge* v. *Herter*, 3 id. 157; *Chester* v. *Bank of Kingston*, 16 N. Y. 336; *M'Gee* v. *Prouty*, 9 Metc. 547.

Bywaters did not promise to pay the same or a less rate of interest than he was already under a legal obligation to pay, and the cases cited by respondent are inapplicable. Respondent and Bywaters agreed to cancel the obligation of the note to pay interest at the rate of two per centum per month, before Bywaters agreed to pay interest at the rate of one and one-half per cent per month. Bywaters did not promise to pay what he was under legal obligation to pay, because this rate would have been ten per cent per annum. Bywaters made for forbearance by respondent a new promise to pay eight per cent per annum more than he was compelled to pay, and this was a good consideration for the extension of the time. The old note in this case was not in force when Bywaters made the new agreement. The authorities say, that in cases of novation, when the new obligation is substituted for the old one, which is canceled, a good consideration for

forbearance is created. Bouv. L. D., "Novation;" *Tudor* v. *McLean*, 1 B. Monr. 322; *Ellis* v. *McCormick*, 1 Hilt. 313; *Bangs* v. *Strong*, 7 Hill, 250; 10 Paige, 11; *People* v. *Russell*, 4 Wend. 570. Appellant was released by novation.

Respondent extended the time and reduced the interest, and Bywaters agreed to keep the money until the spring of 1875, and pay interest at one and one-half per cent per month. This was an agreement to do something Bywaters was under no legal obligation to do. The agreement to keep the money for a specified time beyond the maturity of the note, at any rate of interest, furnished a valuable consideration for forbearance, and released the surety. 2 Am. L. C. (3d ed.) 308.

Respondent has sued on the new promise.

The agreement on the back of the note is not a voluntary reduction of interest by respondent. It is signed by Bywaters and is his promise. Appellant never assented to this agreement of Bywaters.

The note sued on was joint. Upon the death of Forbis, his estate was discharged in law and equity. *Bradley* v. *Burwell*, 3 Denio, 61; *United States* v. *Price*, 9 How. (U. S.) 92 : *Getty* v. *Binsse*, 49 N. Y. 385; *Wood* v. *Fisk*, 63 id. 245.

Our statute making all contracts joint and several was not designed to prevent parties from making joint contracts, or alter their expressed intentions. If the statute is so construed as to make for these parties a contract they did not intend, and create a liability beyond the terms of the contract itself, it would impair the obligation of contracts and be unconstitutional and void. Story on Const., § 1385 *et seq.*

CHUMASERO & CHADWICK, for respondent.

The agreement on the back of the note is the one that must be considered by this court. The note bore interest at the rate of two per cent per month after maturity. The agreement of Bywaters is *nudum pactum*, without any consideration and for no definite time. Respondent could have sued on the note the day after the agreement was made, or Bywaters could have tendered the money and stopped the interest.

There was no consideration for Bywaters' agreement. *Reynolds* v. *Ward*, 5 Wend. 501; *Kellogg* v. *Olmsted*, 25 N. Y. 189; *Parmelee* v. *Thompson*, 45 id. 58; *Abel* v. *Alexander*, 45 Ind. 523; *Ives* v. *Bosley*, 35 Md. 262.

The authorities show that where the interest agreed to be paid is the same as the note would have drawn originally, or less, there is no consideration.

The agreement is void because there is no definite period of time for the extension of the time, and respondent could have commenced his action at once. 2 Pars. on Notes and Bills, 250; *Oxford Bank* v. *Lewis*, 8 Pick. 457; *Blackstone Bank* v. *Hill*, 10 id. 132; *Central Bank* v. *Willard*, 17 id. 150; *Shriver* v. *Lovejoy*, 32 Cal. 574.

BLAKE, J. The respondent brings this action against the makers of the following promissory note:

"HELENA, Mon., *September* 1, 1873.

"$745$\frac{72}{100}$. Nine months after date, for value received, we promise to pay to the order of Robert S. Hale the sum of seven hundred forty-five and $\frac{72}{100}$ dollars, negotiable and payable at his business house at the city of Helena, M. T., without default or discount, with two per cent interest per month from maturity until paid, both before and after judgment.

"E. E. BYWATERS,
"J. F. FORBIS."

The complaint alleges that the interest had been paid to November 1, 1874; and that the respondent then agreed that the rate of interest should be reduced to one and one-half per cent per month from November 1, 1874, until the payment of the note. During the pendency of this action, Bywaters was adjudged a bankrupt and his assignee paid, August 15, 1876, on account of the note, $246.55. The following memorandum was indorsed upon the note, November 1, 1874: "In consideration of further time being granted, I agree to pay one and one-half per cent interest per month on the within note until paid.

"E. E. BYWATERS.

"*November* 1, 1874."

The answer of Forbis alleges that he signed the note as security for Bywaters; that the respondent and Bywaters agreed that the time for the payment of the note should be extended until the spring of 1875; that the rate of interest should be reduced to one and one-half per cent per month from November 1, 1874, until the note should be paid; that Bywaters then signed said memorandum; that the note was canceled under this agreement; and that Forbis had no knowledge of this agreement for the extension of the time of payment, and never consented to or ratified the same.

Forbis died before the trial, and his administratrix, the appellant, was made a party defendant. Upon the trial she offered testimony tending to prove the allegations of the answer of Forbis, but the court excluded it. The jury were instructed that the agreement, which was indorsed upon the note, was void for want of consideration, and its failure to fix a certain period of time for the payment of the note and interest; and that the appellant, or the estate of Forbis, had not been released from liability on the note. Judgment was entered on the verdict for Hale.

How were the rights of Forbis affected by the memorandum of Bywaters upon the note. This note was payable June 1, 1874, and the facts which are set forth in the answer of Forbis occurred five months afterward. The written agreement does not extend the time of payment for a definite space of time, and does not restrict some rights of the parties to the note. As soon as it was signed, Bywaters and Forbis could tender the amount remaining unpaid on the note and demand its surrender or cancellation, and Hale, the payee, was not prohibited from commencing an action to enforce its payment. " To discharge the surety, the contract for new credit must be such as will prevent the holder of the note from bringing an action against the principal." *Blackstone Bank* v. *Hill*, 10 Pick. 129; *Oxford Bank* v. *Lewis*, 8 id. 458. " The indulgence, to have the effect of discharging the surety, must be for a definite time." 1 Pars. on Notes and Bills, 240, and cases there cited; 2 Danl. on Neg. Inst., § 1319.

We think it is clear that the memorandum of Bywaters did

not defeat the right of the respondent to maintain this action. But the appellant sought to introduce oral evidence tending to show that the time for the payment of the note was extended for a certain period. Although the agreement was written upon the back of the note, it is not an indorsement within the legal meaning of the term, and, therefore, is not subject to the same rules. The instrument, it is obvious, contains a part of the contract between the respondent and Bywaters, and the remainder may be supplied orally, so that the entire stipulation can be adjusted. " This is not constructing a new bargain, but authenticating and throwing light upon the old." 2 Pars. on Notes and Bills, 514. It was competent for the appellant to show that the words, " further time," expressed one portion of the agreement, and that the respondent promised to extend the time of payment until the spring of 1875. In *Abel* v. *Alexander*, 45 Ind. 523, the court holds that the agreement of the holders of a promissory note to postpone the time for the payment of the principal sum " until the summer, " and afterward, " until the fall," could be made certain by oral evidence, and that the time was extended until June 1 and September 1.

The other question for our investigation relates to the consideration of the agreement of Bywaters and the respondent. By the terms of the note, Bywaters and Forbis promised to pay interest at the rate of two per cent per month until paid, " both before and after judgment." On November 1, 1874, according to the agreement of Bywaters and the respondent, Bywaters promised to pay interest at the rate of one and one-half per cent per month " until paid." Most of the cases and authorities, to which our attention has been invited, interpret contracts which were entered into by the parties before the note became due, and we are inclined to deny their applicability to the case at bar, in which the agreement was made five months after the note was payable. But waiving this consideration, and placing the appellant in the most favorable situation, we intend to assume, in our treatment of this subject, that Bywaters and the respondent entered into this contract on or about June 1, 1874. The following rule is undoubtedly sound. If there was a sufficient consideration for the prom-

ise of Bywaters, Forbis was released from liability on the note; and, if there was no consideration therefor, the rights of the parties have not been suspended.

Upon this matter the decisions are conflicting, and we desire to apply the best principle that can be found in the books. The classes of consideration, which appear in the reports, comprise promises to pay the same rate of interest which is mentioned in the note; or interest in excess of that specified in the note; or interest in advance for a certain time; or a certain sum in addition to the interest; and also promises to perform work or deliver goods besides the payment of the interest. In the limited number of authorities at our command we have not observed a case in which the maker and payee made an agreement for the payment of interest at a rate below that named in the note.

In *Oxford Bank* v. *Lewis*, 8 Pick. 458, a promissory note was signed by two persons, as the principals, and two sureties, and, after the note was overdue, the principals paid in advance the same rate of interest for sixty days. The court held that the receiving of this interest did not disable the owner and holder from bringing an action on the note at any time, and that the sureties were not discharged. The courts of Massachusetts have adhered to this doctrine.

In *Reynolds* v. *Ward*, 5 Wend. 501, it is held that a promise by the maker of a promissory note to pay the interest during the time the creditor did not enforce its collection forms no consideration for the agreement to enlarge the period for its payment when the debtor was compelled to pay the interest. In the opinion, Mr. Justice MARCY says: " It was said on the argument that there was an obligatory act in this case by which the plaintiff was bound to delay ; that there was a consideration for the promise to forbear. What was that consideration? The promise by Plumb (the maker) to pay interest on the debt so long as the plaintiff should delay. This was a promise to do precisely what he was bound to do without a promise. If the debtor's promise to pay interest creates no additional obligation, it is no consideration for a contract to delay.'' In support of these views the court refers to the following authorities : *Pabodie* v. *King*, 12

Johns. 426; *Arundle Bank* v. *Goble,* Chitty on Bills, 298, note; *Philpot* v. *Briant,* 4 Bing. 717. The case of *Reynolds* v. *Ward, supra,* is cited with approval by the supreme court of the United States in *Creath* v. *Sims,* 5 How. 192. In *Kellogg* v. *Olmsted,* 28 Barb. 96, the answer contained many allegations which are similar to those in the answer of Forbis. The court, by Mr. Justice MARVIN, says : " The debtor's promising to pay interest will be no more than the law will compel him to do, without the promise. If he agrees to pay more than the interest for the forbearance of the debt, the agreement will be void for usury." This case was affirmed by the court of appeals (25 N. Y. 189), and Mr. Justice SUTHERLAND refers to " the well-settled principle that an agreement by a creditor to postpone the payment of a debt due, until a future day certain, in consideration of no other or further consideration than the agreement of the debtor to pay the debt with interest on that day, is void for want of consideration." In *Parmelee* v. *Thompson,* 45 N. Y. 58, Mr. Justice ALLEN says : " If the only consideration for the promise of the creditor is the performance by the debtor, or a promise to perform some act which the latter is legally bound to perform, the promise is without consideration." The case of *Clark* v. *Sickler,* 64 N. Y. 231, is directly in point. Mott, the principal in a promissory note, " some time after the note was due, went to the holder with the money to pay it, which the latter  *  *  *  declined to receive, giving as a reason that he had no use for the money, and requested that Mott would keep it.  *  *  *  Mott was then solvent, and afterward became insolvent." Sickler's intestate signed the note as surety for Mott. The court held that these acts did not discharge the surety.

In *Abel* v. *Alexander, supra,* the authorities are reviewed, and the court holds that an agreement by the principal to continue to pay the same rate of interest specified in a promissory note, which is higher than the legal rate, is not a sufficient consideration to sustain a promise to extend the time of payment, and that such an agreement does not discharge the surety. In *Hunt* v. *Postlewait,* 28 Iowa, 427, it is held that forbearance given to the principal in a promissory note after the same became due,

upon the payment of the usurious interest originally agreed upon and accrued, was insufficient to release the surety. "Mere delay, even where the holder insists on interest, will not discharge the surety." 2 Danl. on Neg. Inst., § 1316. Prof. Parsons says that "wherever the holder's act does not amount to a binding agreement, as his receiving interest for a stipulated time after maturity, in short, whenever the holder has not disabled himself from suing the principal, the other parties to the paper are not discharged." 2 Pars. on Notes and Bills, 533, note *d*.

We do not deem it necessary to review the cases which state different rules from those that have been laid down. At the time when Bywaters entered into the contract with the respondent, he was bound to pay, under the statutes of the Territory, interest at the rate of two per cent per month during the time of forbearance, which has been defined. If this contract had provided for the payment of the same rate of interest, it would be without a sufficient consideration, and the surety would be discharged. We know of no legal reason for the omission to apply the same principle to the case at bar, in which Bywaters promised to pay a lower rate of interest than the law required. The agreement of Bywaters and the respondent was *nudum pactum*, but the respondent in the complaint does not demand interest in excess of the rate of one and one-half per cent per month, and the judgment is consistent therewith.

WADE, C. J., concurred.

KNOWLES, J., dissenting. I do not agree entirely with the opinion expressed by a majority of the court in this case, and will as briefly as I can express my views for dissenting therefrom.

In the following matters I agree with the majority of the court.

1. A joint maker of a promissory note may show by parol in an action thereon, if the holder knew the fact, that he was only a surety.

2. An agreement for a valid consideration, for an extension of time of payment thereof to a definite and certain period, will release a surety on such an obligation if he is not a party thereto.

3. Where the indorsement on the back of a note shows that there was an agreement to extend the time of the payment thereof it may be shown by parol to what time the extension was made, if it was for a definite period.

Upon the following propositions, I do not agree with the majority of the court. I hold that an agreement to pay interest at a fixed rate, if payment of a note is extended to a definite period, is a good consideration therefor.

I hold that the contract has been altered in this case, and if done without the consent of the surety, he was discharged from any liability thereon.

The principal case cited to sustain the views of the court is. that of *Reynolds* v. *Ward*, 5 Wend. 501. In that case Ward was a surety for Plumb. Plumb, before the note became due, made an agreement with the payee thereof, Reynolds, to extend the time of the payment until such time as he, Reynolds, should build a house in Rochester, and then he was to pay principal and the interest due thereon. No rate of interest was fixed. The court held in that case that there was no consideration for the agreement to extend the time. It bases its opinion upon this reasoning. The payee of a note can consent or agree to forbear the collection of a note or the payment thereof. If there is no consideration for this agreement it is a *nudum pactum*. During this forbearance interest according to law will run on this note. If the agreement is only for legal interest the law gives this, and hence no consideration by virtue of this agreement does pass. The court says this case is not to be distinguished from that of the case of *Pabodie* v. *King*, 12 Johns. 426, or that of *Fulton* v. *Mathews*, 15 id. 433.

In the case of *Pabodie* v. *King*, the principal paid $50 on his debt and the payee agreed to extend the time. The court say there was no consideration for this agreement. The principal was owing this money and hence I am satisfied no consideration did pass for the agreement to extend the time. The authorities, however, are not unanimous in support of this decision. In the case of *Fulton* v. *Mathews*, the time of the payment of a note was extended by agreement and there was no pretense of any

consideration for this agreement. I think most courts would be able to distinguish between these cases and that of *Reynolds* v. *Ward*. The court in this case failed to draw the distinction between interest which a person contracts to pay and that which the law awards. They do not depend upon the same rule. Parsons on Notes and Bills, 2d vol., 392, in speaking of interest, says: " When expressed the words used by the parties determine their rights." Id. 394. " Interest is to be considered as a part of the debt where it is expressed, for in such cases it enters into the understanding of the parties and it is declared by them to be a part of their bargain." Id., note *p*, on page 395, shows that interest when agreed upon is a part of the contract. Id. 394. " Where interest is not expressed by the parties but is given by the law here, it is certainly to be taken as damages for the non-payment." Under our statute upon the subject of interest, and I suppose under most statutes, interest is only allowed by law after a demand is due, where there is no agreement therefor. This must be considered as damages provided by law for the non-payment of the same then. But when a person agrees to pay interest on a note or contract to pay money before the same becomes due then there must be some consideration for this agreement to pay interest, and it is usually use of money for a time. " Interest is the compensation which is paid by the borrower of money to the lender for its use, and generally by a debtor to his creditor in recompense for his detention of the debt." Bouvier's Law Dict., " Interest." When a person then agrees to pay another interest for the use of money for a certain time, and there is an agreement on the part of the latter that the former shall have this time in which to use the money, there is certainly a contract and it is a valid contract. The interest is given for the use of the money for a definite time, and the promise to allow the use of the money for that time is a good consideration for the interest. In the case of *Reynolds* v. *Ward* there was a contract for the use of money for a certain time, or for a time that could have been rendered certain, and an agreement to pay interest for the use of that money for that time. If that was not a valid contract I do not know what one is. Be-

cause the law would have given Reynolds the same interest as damages that he was to receive by contract for the use of his money, should not induce a court to say such a contract was void. To hold thus would be to say that whenever a merchant should settle up an account with a customer, and find the amount due thereon, and then should take a promissory note payable in a certain time therefor, with legal interest, that such a note was a *nudum pactum.* The debt was due when the note was given; the interest is only just what the law would allow as damages for the non-payment of the debt from the time of settlement. The rule that a promise to pay the legal rate of interest is a good consideration for an agreement to extend the payment of an obligation for a reasonable time is supported by the cases of *McComb* v. *Kittridge,* 14 Ohio, 347 ; *Blizer* v. *Bundy,* 15 id. 57.

In quite a number of cases it is held that a contract to pay usurious interest is a sufficient consideration for an agreement to extend the time of the payment of an obligation. *Kelly* v. *Gillespie,* 12 Iowa, 55 ; *Currelle* v. *Allen,* 13 id. 289.

In the case of *Rose* v. *Williams,* 5 Kans. 483, it was held that the payment of interest in advance was a good consideration for an extension of the time of the payment of a promissory note. Other cases, however, maintain a different rule. The rule in Kansas, however, I think the correct one, for the promise to pay interest is a good consideration for the use of money.

The reason, as I have said, which was assigned in the case of *Reynolds* v. *Ward,* for the holding that the promise to pay interest was no consideration for an extension of time of payment, was that the interest agreed upon was the same the law would have given for the forbearance to sue on the demand. No such reason, however, can be assigned in this case. The note Forbis signed bore two per cent per month interest. The law would imply, I suppose, at least I will take it for granted, that the note after due would bear two per cent per month interest. Certainly it would not imply that it bore one and one-half per cent per month interest. The contract in this case was that the note should, from November 1, 1874, until the following spring, bear one and one-half per cent per month interest, and the plaintiff,

in consideration of that interest, agreed to extend the payment thereof for that time. That is what we must consider as proven. The reasoning in that case does not apply to this case. Here was an agreement for a different rate of interest from what the law would declare collectible without the agreement.

Hale and Bywaters made a new contract. The plaintiff recognizes this, for he brings his action, it is evident, on the contract as modified. The judgment in this case, it is evident, rests upon this new contract, and yet the reason given for sustaining it is, that it is not a valid contract. To show that this action is brought on the new contract, I have but to present the allegations of the complaint. First, the original promissory note is set forth, and an allegation that no part of the principal has been paid; then an allegation that the interest was paid until November 1, 1874; then this allegation: "That on the said 1st day of November, 1874, the said plaintiff agreed with the said defendants to reduce the said rate of interest named in the said promissory note to one and one-half per cent per month from the day last aforesaid until the said note should be paid."

The interest on the note is calculated in the allegation of the amount due at the rate of one and one-half per cent per month. The prayer in the complaint is for one and one-half per cent interest per month on the principal. There is no allegation that the note was, from that time, to bear two per cent per month. In fact, there is nothing that can be called an allegation that the defendants ever agreed to pay any other interest than one and one-half per cent per month, unless the copy of a promissory note should be treated as allegations of all it recites, which I do not think good pleading.

Again: The contract in this case has been changed. It is not the contract Forbis signed. In the answer of the defendant Forbis it is alleged that the change was made; that he never signed this new contract; never consented to it or knew of its existence. And this, in his replication, the plaintiff does not deny, only that he did not agree to extend the time until spring. This Forbis offers to prove, and was not allowed to, and the ruling excluding this evidence is assigned as error.

" When to a note already complete a memoranda is added, or words inserted varying the legal effect of its stipulations, the alteration is material." 2 Pars. on Bills and Notes, 545.

" An indorsement on the back of a note may be a part and parcel of the original instrument." Id.

There cannot be any doubt but that the indorsement on the back of this note became a part of the original note. It varied a stipulation therein, in regard to interest. From November 1st, 1874, up to this time, that has not been the same instrument in regard to interest. The plaintiff has not treated it as the same instrument, but as I have shown, a different instrument.

If a promissory note be made payable with lawful interest, and after it is signed, there be added, without the assent of the maker, in the corner of the note, words expressing a different percentage of interest, the addition is fatal. 2 Pars. on Notes and Bills, 545.

In the case of *Birckhead* v. *Brown*, 5 Hill, 641, the court uses this language: " Courts are not at liberty to speculate upon the question whether the surety has or has not been injured by a departure from the terms of his contract." Again : He has a right to say " that is not my contract." " And as long as he can give this answer truly, he cannot be charged with the debt of his principal."

When a contract is changed or varied that releases all parties to the same who do not consent to such change. *Smith* v. *United States*, 2 Wall. 219 ; *Miller* v. *Stewart*, 9 Wheat. 681 ; *Leggett* v. *Humphreys*, 21 How. (U. S.) 66.

Many cases might be cited to show that a surety has the right to stand on the strict letter of his contract and can only be bound by it. The plaintiff acknowledges that he has changed the contract in regard to interest, without the consent or knowledge of Forbis, the surety.

If this is not a material change of a contract, I do not know what is a material change. And being a material change in the contract, the surety was discharged.

My opinion is most firmly fixed that for the reasons I have named, the judgment of the court below should be reversed.

The points I have presented were presented in the briefs of appellant. If I were disposed to raise points outside of the briefs of appellants, I think I could show that the complaint herein does not state facts sufficient to constitute a cause of action.

*Judgment affirmed.*