I cannot avoid thinking that this case presents an ingenious attempt on the part of the appellants, to avoid the application of the well settled principle, that an agreement by a creditor to postpone the payment of a debt due, until a future day certain, in consideration of no other or further consideration than the agreement of the debtor to pay the debt with interest on that day, is void for want of consideration.
It has been decided over and over again, if the creditor whose debt is due, receives part payment of it, and in consideration of such payment, promises to postpone or extend the time of payment of the balance, that such promise is void for want of consideration. (Miller v. Holbrook, 1 Wend., 317; Gibson v.Renne, 19 id., 390; Pabodie v. King, 12 John., 426;Reynolds v. Ward, 5 Wend., 501; Fulton v. Mathews Wedge, 15 John., 433.)
These cases certainly assume, that a promise by a creditor, no part of whose debt is paid, to extend the time of payment of the whole debt to a future day certain, in consideration of *Page 191 
the promise of the debtor to pay the debt with interest on that day, would be void.
A creditor promising to extend the time of payment until a certain day, would not expect or ask his debtor to make a formal express promise in consideration of such extension, to pay his debt on that day, and not before that day; nor would the debtor, relying on such promise of extension, be very apt to make any such formal express promise; but if the promise of extension on the part of the creditor were held valid, such a promise on the part of the debtor would necessarily be implied. It would be implied from his acceptance of and reliance on the promise of the creditor. No court would ever hold the promise on the part of the creditor valid and binding without holding that there was a corresponding obligation on the part of the debtor to pay at the time fixed by the promise of extension, and not to pay before; that is, in the language of the defendant's answer, to keep the money until the day fixed by the promise of extension. Hence the cases before cited necessarily assume, that the agreement, or mutual agreements, specially set up in the defendant's answer would be nudum pactum and void, and would not have been a defence if proved; for these cases must have been decided on the assumption, if the promise on the part of the creditor to extend the time of payment was valid, or should be held valid, that there was or would be a corresponding valid obligation or promise on the part of the debtor not only to pay at the time fixed by the agreement of extension, but also not to pay before. These cases then, in effect, decide, if a creditor whose debt is due, in consideration of the payment of a part of it, and of a promise on the part of his debtor to pay the balance on a certain future day, and not before, promises to extend the time of payment of such balance until that day, that such promise is without consideration and void.
In this case, the defendants paid no part of the debt. The sole alleged consideration of the plaintiff's promise to extend the time of payment of the whole debt, until the 1st of April, 1857, was a promise, on the part of the defendants, to *Page 192 
pay the debt with interest on that day, and not before that day. The promise on the part of the defendants is not stated in the answer, in these precise words, but is substantially this.
But upon principle, and without reference to cases, the counsel for the appellants concedes, that their promise to pay interest was no consideration for Covil to delay payment, because, if Covil had delayed payment without such promise, he would have been entitled to such interest; but he insists that their promise not to pay the principal until the 1st of April, and then to pay it, was a sufficient consideration for the promise of delay on the part of Covil, because it deprived them of the right to pay the money at any time, and secured to Covil the right to compel the defendants to keep the money until the 1st of April. This, I think, is fanciful. The appellants were to pay only legal interest for the use of the money. The rate of interest, or value of the use of money, being fixed by law, the law cannot hold the delay of payment to be either a disadvantage to the debtor, or an advantage to the creditor; the one paying, and the other receiving the legal rate of interest for the use of the money only. The law cannot hold it to be a disadvantage to a man, to agree to keep the money of another for a time certain, for the use of which he is only to pay the rate of interest fixed by the law.
My conclusion is, that the judgment of the Supreme Court should be affirmed, with costs.
WRIGHT, GOULD ALLEN and SMITH, Js., concurred.