LUTHER PARMELEE, Respondent, v. ORVILLE THOMPSON, Appellant.

A promise to extend the time of payment of a debt is void, unless founded upon a good consideration; and a payment of a part of the debt or the interest already accrued, or, an agreement to pay interest for the future, is not a sufficient consideration for such a promise; nor will the giving of a new obligation with additional security for a part of the debt be a good consideration for a promise to extend the time as to the residue. ALLEN, J.

The discharge of a legal obligation by a debtor to his creditor is not a sufficient consideration for the promise of the latter.

Accordingly where a party, sued upon a note, paid the costs that had accrued in the suit, upon an agreement that it was to be discontinued and he was to have a month further time to pay the note.—*Held,* that the promise to extend the time was void for want of sufficient consideration.

(Submitted February 17th; decided February 21st, 1871.)

APPEAL from the judgment of the General Term, in the eight judicial district, affirming a judgment rendered at the Orleans County Circuit for the plaintiff.

The action was upon a promissory note made by the defendant and two others, payable to the order of one Tracy. After the maturity of the note, the plaintiff paid to the payee and holder the amount due thereon, and received from him the note, and on the trial testified that he paid the money on a purchase, and not in satisfaction of the note, and received the same as purchaser, and to collect for his own use. Evidence was given on the part of the defendant, tending to show that the money was paid in discharge of the note, and not upon a purchase of it. The question of fact was submitted to the jury, who rendered a verdict in favor of the plaintiff for one-half of the note, the jury in effect finding that the plaintiff paid and satisfied the note as to the moiety payable by the makers, other than the defendant, and acquired a good title, with right to enforce it as to the other moiety. The defendant gave evidence tending to show that while the payee held the note, an action was brought thereon in the Supreme Court,

and that it was agreed between the defendant and the payee and plaintiff in the action, that the suit should be discontinued, and the defendant pay the costs that had then accrued thereon; that the defendant should have during the ensuing month of December to pay the note; and that the costs were paid and the suit discontinued, after which the plaintiff became the owner of the note, and brought this action before the expiration of the time agreed upon. The judge at the circuit held and decided that there was no valid agreement to extend the time of payment. Judgment was given for the plaintiff upon the verdict, which was affirmed upon appeal by the General Term, and the defendant has appealed to this court.

*Holmes & Thompson,* for appellant. That the payment operated as a satisfaction. (Edward's on Promissory Notes, 536; *Burr* v. *Smith,* 21 Barb., 262; *Sandford* v. *McLean,* 3 Paige, 117; *Smith* v. *Miller,* 25 N. Y., 619.)

*John H. White,* for respondent. That there was no consideration for the agreement to extend time of payment. (*Reynolds* v. *Ward,* 5 Wend., 50; *Gibson* v. *Renne,* 19 id., 389; *Tryon* v. *Jennings,* 22 How. Pr., 421; *Bank of Amsterdam* v. *Blair,* 44 Barb., 641.)

ALLEN J. It is competent for the parties, by a parol agreement, to enlarge the time of performance of a simple contract, and the time of payment of the note in suit might have been extended by such agreement made upon a sufficient consideration. (*Keating* v. *Price,* 1 Johns. Ca., 22; *Miller* v. *Holbrook,* 1 Wend. R., 317.) But a promise to extend the time of payment, unless founded on a good consideration, is void. A payment of a part of the debt, or the interest already accrued, or promise to pay interest for the future, is not a sufficient consideration to support such promise. (*Reynolds* v. *Ward,* 5 Wend. R., 502.)

Neither will the giving a new obligation with additional security for a part of the debt avail as a consideration for an

agreement to extend the time of payment of the residue. (*Gibson* v. *Renne*, 19 Wend. R., 389.) This court, in *Kellogg* v. *Olmsted* (25 N. Y., 189), decided that a promise by a debtor that he would not pay a debt then past due until a future day named, and that he would then pay the same with interest, was not a good consideration for the promise of the creditor to extend the time for payment. If the only consideration for the promise of the creditor is the performance by the debtor or a promise to perform some act which the latter is legally bound to perform, the promise is without consideration.

" The discharge of a legal obligation by the debtor to the creditor cannot be such an injury to the one or benefit to the other as will make what the law calls a sufficient consideration for an agreement." (Per BRONSON, J., *Gibson* v. *Renne*, *supra*.)

The payment of the costs of the former action upon the note was but the discharge by the defendant of a legal obligation. The right of the plaintiff to recover in the action was not disputed, and his right to the costs of the action were as absolute and certain as his right to the debt, to recover which the action was brought.

The defendant lost nothing and the holder of the note acquired nothing by the arrangement. There was then no valid agreement to extend the time for the payment of the note.

The questions of fact affecting the title of the plaintiff to the note were properly submitted to the jury, and this court cannot review the verdict. The judgment must be affirmed.

All the judges concurring except the Chief Judge, who did not sit, and GROVER, J., not voting.

Judgment affirmed.