FRANCES JANE JESTER, APPELLANT, *v.* JOHN W. STERLING, RESPONDENT, AND NATHAN KELLOGG, APPELLANT.

*Assumption of a mortgage by a grantee — when the mortgagor is released by an extension of the time of payment — provisions as to payment of the interest, not affected by an extension as to the time of payment of the principal.*

In 1871, one Sterling executed to the plaintiff his bond and mortgage, providing for the payment of $6,000 on the 10th day of April, 1876, with interest thereon payable semi-annually on the 10th days of October and April, and that in case any default should be made in the payment of the semi-annual interest, which should continue for twenty days, then the whole of the principal should become due. Thereafter Sterling sold the premises to Mrs. Kellogg, subject to the mortgage, which she covenanted in and by the conveyance to assume and pay. On April 11, 1876, the plaintiff, on applying to L. Kellogg, a son of

Mrs. Kellogg, for the interest then falling due, was, told by him that his mother could not pay it, but that he would pay it if the plaintiff would agree, in writing, to extend the time of payment of the principal until after six months' notice should be given in writing. The plaintiff, knowing of the sale to, and of the assumption of the mortgage by Mrs. Kellogg, executed the written agreement and received the money. Thereafter, an installment of interest having remained unpaid for more than twenty days after it fell due, this action was brought to foreclose the mortgage.

*Held,* that as, after the conveyance of the land, Sterling stood in the position of a surety for Mrs. Kellogg, he was, by the agreement for the extension of the time of payment, released from all personal liability to the plaintiff.

That the agreement for the extension of the time of payment of the principal had no effect upon the provisions of the mortgage respecting the payment of the interest and the consequences of any default therein.

Appeal from a judgment, entered at Special Term, directing a sale of mortgaged premises to pay an installment of interest due upon the mortgage, and dismissing the complaint as to the defendant Sterling, against whom a personal judgment was asked. The action was brought to foreclose a mortgage, and for a judgment *in personam* against the defendants for any deficiency that might arise upon a sale.

*Wilson M. Powell,* for the plaintiff appellant.

*Shearman & Sterling,* for respondent Sterling.

*Arthur H. Smith* and *George W. Van Slyck,* for appellant Kellogg.

Davis, P. J..

The respondent, John W. Sterling, in the year 1871, executed to the appellant his bond and mortgage to secure the payment of $6,000, the principal of which was payable on the 10th day of April, 1876, and the interest thereon semi-annually on the tenth days of October and April of each year. The instruments contained provisions that in case default should be made in the payment of the semi-annual interest, and such default continue for twenty days, then the whole of the principal should become due. After executing the bond and mortgage, the respondent Sterling sold and

conveyed the premises covered by the mortgage to the respondent Helen M. Kellogg, subject to the mortgage which, in and by the conveyance to her, she covenanted to assume and pay as part of the consideration for the sale and conveyance. On the 11th day of April, 1876, the appellant went to the office of one L. Laflin Kellogg, a son of Helen Kellogg, to collect the interest which fell due on the day before (she having annually received her interest through him), and was then told by said Laflin that his mother was unable to pay the interest, but that he would himself advance and pay it if the appellant would extend the term of the mortgage until six months' notice was given in writing. The appellant agreed to this proposition, and Laflin then paid to her the six months' interest then due, and she signed and delivered to him the following instrument:

"Received, New York, April 11th, 1876, from L. Laflin Kellogg, two hundred and ten dollars, in full payment of interest to date on my mortgage of $6,000 on 327 West 42d street, I hereby agreeing to extend the term of said mortgage until after six months' notice in writing from me.

FRANCIS JANE JESTER."

The appellant knew of the sale and conveyance of the house and lot to Mrs. Kellogg, and of her assumption of the mortgage. The respondent, John W. Sterling, had no knowledge of the execution and delivery of the above instrument to L. Laflin Kellogg, and never assented thereto.

The court below held that the respondent Sterling, after his conveyance of the premises to Mrs. Kellogg, and her assumption of the mortgage and covenant to pay the same as part of the purchase-price of the land, stood in the relation, in equity, of surety for Mrs. Kellogg, and that the agreement with L. Laflin Kellogg to extend the time for the payment of such mortgage, with knowledge of the relation of the several parties thereto, and without the knowledge or assent of Sterling, operated to discharge the personal liability of said Sterling, and dismissed the complaint as to him, with costs.

After the execution of the instrument made by appellant to L. Laflin Kellogg a subsequent installment of interest fell due and was not paid, and the same remained unpaid for more than twenty days

after it became due. Upon this default the appellant claimed that the principal of the bond and mortgage were due by the terms of those instruments and that she was entitled to judgment of foreclosure for such principal and the unpaid installment, notwithstanding no six months' notice had been given under the agreement with L. Laflin Kellogg. The court held, in substance, that she was entitled only to foreclose for the unpaid interest and gave judgment accordingly. From this judgment as well as from judgment dismissing the complaint as against the respondent Sterling she brings this appeal.

The relation of Sterling under the circumstance of this case was undoubtedly, in equity, that of surety and his rights were to be respected and treated accordingly. (*Comstock* v. *Drohan*, 71 N. Y., 9; *Flower* v. *Lance*, 59 id., 603; *Paine* v. *Jones*, 14 Hun, 577; *Marsh* v. *Pike*, 10 Paige, 595.)

A valid agreement upon a valuable consideration made by appellant with the principal debtor to extend the time of payment without the consent of the surety would discharge the personal liability of the latter. (*Ducker* v. *Rapp*, 67 N. Y., 464, and cases there cited.)

The only question presented by the appeal from that part of the judgment which dismissed the complaint as to Sterling is whether the agreement made by the appellant with L. Laflin Kellogg was based upon sufficient consideration, and whether the agreement enured to the benefit of Mrs. Kellogg.

It is clear that the appellant received nothing more than was actually due and owing to her for interest on the bond and mortgage. If the agreement had been made, therefore, between Mrs. Kellogg herself and the appellant, the consideration would be insufficient to uphold it. (*Philpot* v. *Briant*, 4 Bing., 717; *Halliday* v. *Hart*, 30 N. Y., 474; *Gahn* v. *Niemcewicz*, 11 Wend., 319; *Gibson* v. *Renne*, 19 id., 389; *Parmelee* v. *Thompson*, 45 N. Y., 58.) And these cases go far to show that the payment of such a sum *only*, though made out of the *private income* of an executrix who was under no other liability than that of representative of the testator, or by a note of the debtor with a third person as surety, or, in short, in any mode that gave to the creditor no more than his present due, would be an insufficient consideration to uphold the extension and accordingly the surety would not be discharged.

But in *Ducker* v. *Rapp* (67 N. Y., 464) the Court of Appeals seem to have held that the agreement of extension made between the principal debtor and the creditor for an extension will operate to discharge a surety of the debtor if the debtor give an additional security for the debt. In that case unpaid rents were assigned and that fact was held to vitalize the agreement.

In the case before us the agreement was not made, nor was the consideration of it paid by the debtor, unless her son be considered as her agent, in which case the agency would operate to make the agreement her own, and consequently ineffective for want of consideration. Upon the facts found in this case the son was simply a volunteer, paying " out of his own pocket" the interest past due, in consideration of the appellant's agreement with him to extend the time of payment of the principal sum secured by the mortgage till a period of which six months' notice in writing shall have been given. Between the son and the appellant the agreement was based upon a valuable consideration, for the former paid his own money to extinguish an indebtedness due and owing by and from another, but not by or from himself. A breach of the agreement might entitle him to damages for any injury it should be to him, and if he could enforce it by enjoining an immediate foreclosure, it would, of course, operate to prevent the respondent Sterling from taking up the mortgage and immediately foreclosing it himself for his own benefit. The test by which the question of the discharge of a surety is determinable, is whether the creditor of his principal has made any agreement which, in law or equity, prevents his exercising the rights that belong to his relation of surety for his own prompt and effective protection. Without discussing the question whether the agreement with the volunteer in this case was for the benefit of the person who was the real debtor, and could be enforced within the principle of the cases cited by the counsel for the respondent, it is probably enough to see that a valid agreement, upon sufficient consideration, was made by the creditor with some person which prevented the surety from enforcing the mortgage, without delay, for his own protection. Within the ruling in *Grinnan* v. *Platt* (31 Barb., 328), that seems to have been the case. The judgment, in so far as it dismisses the complaint against Sterling, should be affirmed.

But we are of opinion that the agreement made between the appellant and L. Laflin Kellogg operated only to extend the time for the payment of the principal of the mortgage. It was not intended to have, and did not have, any effect whatever, upon the payment of interest on such principal, nor to change the provisions of the mortgage in respect of the stipulated consequences of default in the payment of the interest. They remained in full force and vigor. Under those provisions a default for twenty days in the payment of the semi-annual interest made the whole of the principal immediately due. The provision of the agreement extending the principal till after six months' notice, was entirely consistent with the obligations contained in the mortgage for the payment of the semi-annual interest, and with the consequential effect upon the principal of a default in paying the interest for twenty days after its maturity should occur. If the bond and mortgage had been originally written, that the principal should be payable only after six months' written notice, there would have been no inconsistency between that provision and those relating to the payment of interest and the consequences of a default of such payment. It was error, therefore, to hold that the default in payment of interest for more than twenty days after it fell due did not entitle the appellant to elect to treat the principal as wholly due, and foreclose accordingly. So much of the judgment as denied that right should be reversed, and the judgment be modified to declare that appellant was and is entitled to foreclose for the whole amount of principal and unpaid interest. A new trial will not be requisite for that purpose, as we think this court has power to modify the judgment to enforce the legal rights of the plaintiff upon the facts found by the court below.

The judgment as to the respondent Sterling must be affirmed, with costs of the appeal to him. The judgment in respect of the plaintiff's right to enforce the mortgage for both principal and interest should be reversed and judgment entered as suggested, with costs of the appeal to the appellant.

BRADY and DANIELS, JJ., concurred.

Judgment reversed; judgment entered as directed, with costs.