JACOB S. PETRIE, APPELLANT, v. ADAM MOTT AND JOHN D. HOLLENBECK, AS EXECUTORS, ETC., OF DAVID LESTER, DECEASED, RESPONDENTS.

*Statute of limitations — when it begins to run — a provision in a will for a debtor is not an acknowledgment of a debt.*

In or about the year 1860 the defendants' testator, being indebted to the plaintiff for work performed by the latter during the years 1857, 1858, 1859 and 1860, entered into an oral agreement with him whereby the plaintiff agreed to postpone the time for the payment of the amount then due until the death of the testator, who agreed to pay him the said amount by a provision to be inserted in his will. In 1862 the testator made a will containing a provision for the plaintiff. Thereafter he revoked this will by making another which contained no provision for the plaintiff. The testator died in 1881.

In this action, brought by the plaintiff against the executors of the deceased to recover the amount so due to him:

*Held,* that the action was barred by the statute of limitations, which began to run at the time of the making of the agreement in 1860.

That the provision made in the first will was not such a written acknowledgment of a promise to pay the debt as to take it out of the statute.

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee.

*J. C. Ormsby,* for the appellant.

*J. W. Houghton* and *J. S. L'Amoreaux,* for the respondents.

LEARNED, P. J. :

The plaintiff, in 1857, entered into possession of the farm of defendant's testator, David Lester, to work the same on shares for one year. He continued in possession until 1865 ; each year making a new agreement. So that the letting was from year to year. During the years 1857, 1858, 1859 and 1860, and in each of those years, plaintiff performed work for said testator, at his request, in the improvement of the farm, which work was not included in the terms of his lease, and for which said testator agreed to pay him. No time was appointed when the work was to be paid for at the time the request to perform was made, or at any time till the work had been done. From this it follows that payment for each piece of work was payable on its completion ; or at least that the whole value of the work done in any year was payable at the end of that year.

After the performance of the work and at the end of the first year, the testator asked credit of plaintiff; and he did so at the end of each year. At some subsequent time, which the referee finds was two or three years after 1857, the testator and plaintiff orally agreed to postpone payment of the amount due plaintiff till the death of the testator, who agreed to pay him the amount by provision in his will.

The referee finds that it is not proved that extra work was done after the time when this agreement was made. The testimony is uncertain as to dates, and we think that there is no reason why this finding of fact should not stand.

About 1862, the testator made a will by which some provision was made for plaintiff. There is no sufficient proof as to the form or amount of such provision. The testator subsequently referred the plaintiff to John M. Clark, one of the witnesses to the will, that he might be assured that provision had been made thereby for him ; and Clark told the plaintiff he was mentioned therein. Subsequently the testator executed another will, which revoked the former will of 1862, and which made no provision for the plaintiff.

The testator died in August, 1881, and the will last mentioned was admitted to probate.

The plaintiff now seeks to recover $1,000, the alleged value of the aforesaid extra work. The defendants, among other defenses, set up the statute of limitations. The referee held that the plaintiff was barred by the statute, and the plaintiff appeals.

The testator was indebted to the plaintiff, and the debt was payable at the time (say in 1860) when the oral agreement for compensation by will was made. At that time then an immediate right of action existed in favor of the plaintiff against the testator. The work had not been done upon the strength of a promise to pay by a provision in the will, but upon a simple agreement to pay, which was an agreement to pay when the work is finished, or possibly, under the circumstances, at the end of the year. Several of the cases therefore which are cited by the plaintiff have no application, being cases where the work had been done on a previous, or existing, promise to pay by a will. Of course, in those cases, by the very terms of the agreement the work, at the time it was done, was not to be paid otherwise than by the last will of the party.

But in this case the immediate right of action was existing and necessarily the statute of limitations was beginning to run. Then we have the Code of Civil Procedure, section 395, which says that an acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract, whereby to take the case out of the operation of the statute. (Code of Procedure, § 110.) The agreement to pay by a provision in testator's will can be, in this respect, no different from an agreement to pay after a lapse of ten years, or an agreement to extend the time of payment of a debt already payable for ten years. Is there any doubt that such an agreement, if oral, would not take the case out of the operation of the statute.

It has been decided that, when a debt is payable, an agreement on the part of the creditor to extend the time and on the part of the debtor to pay at the extended time is without consideration and void. (*Kellogg* v. *Olmsted*, 25 N. Y., 189.) In the present case it does not appear even that the testator agreed to pay interest on the debt. So that the agreement was simply that, if the creditor would wait a certain (or rather an uncertain) time, the debtor would

then pay the debt. That could certainly not be binding on the creditor. This doctrine, of course, does not touch the case of the surrender of one written obligation, and the issue of another in its place. But nothing of that kind is in the present case. Nor is it doubted that the time for performance of a contract may be extended before such time has arrived. That doctrine is not material here.

There was, then, nothing in the oral agreement above mentioned which extended the time of payment, or took the matter out of the statute of limitations. But the plaintiff urges that the provision contained in the will of 1862 operated to take the case out of the statute. There are several answers to this. It is not proved what was contained in the will. There is no proof that the will acknowledged a debt or expressed that the bequest was in the nature of payment. Generally, a bequest is a voluntary gift. It would be an extraordinary doctrine that, if a person executed a will, giving a bequest to another, and afterwards revoked that will, such bequest in a revoked will should be evidence against his estate of a debt. Wills have no effect till the death of the testator. And a writing which has no effect cannot be an "acknowledgment or promise."

The plaintiff, however, urges that a fraud has been practiced on him. Now, we cannot know what the testator would say on the merits of this case, and how he would regard a claim for $1,000, made in 1883, for services alleged to have been rendered before 1862. The very object of the statute of limitations is to guard parties against stale claims. And this is very stale. And the claim that a fraud was practiced would fall, if we should consider that the intention of the testator and the bequest in the will of 1862 may have been, after all, matters of mere bounty and not of debt. Such is the impression given us by the testimony of one of plaintiff's witnesses, Mrs. Bogart, the sister-in-law of the testator. The plaintiff insists that the statement to him by Clark of the contents of the will of 1862 by the direction of the testator was an estoppel. We do not see what it estopped. Can it be said that it estopped the testator from revoking his will? But if the agreement between plaintiff and testator was valid and binding, then it is of no consequence whether or not the testator revoked his will, because his

estate would be liable on the agreement, if the agreement was binding. On the other hand, if the agreement was not binding, then the testator was not bound to carry it out, and the bequest was a merely voluntary gift which he could revoke without incurring liability.

It comes then to this, to take the plaintiff's own view, that the parties made an oral agreement which was not binding and that plaintiff, supposing it to be binding, allowed the statute of limitations to run against his claim. But can we disregard the statute for that reason? Suppose there had been a mere verbal agreement to extend the time, as above suggested, for ten years, and the plaintiff, relying on that, had neglected to sue, would not the statute have run against his claim, and could the court have disregarded the statute because the plaintiff had erred?

The judgment should be affirmed, with costs.

LANDON, J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Judgment affirmed, with costs.