MANCHESTER *et al.* *v.* VAN BRUNT *et al.*

*(City Court of New York, General Term. July 1, 1892.)*

1. NEGOTIABLE NOTE—NOTICE OF PROTEST—EVIDENCE.
    The holder of a note testified that he inclosed a notice of protest thereof in an envelope, with a direction to return to the sender if not called for in so many days printed thereon, addressed the envelope to the indorser by street and number, and deposited it in the government mail box, and that the letter was never returned to him. *Held* sufficient to charge the indorser.

2. SAME—RELEASE OF SURETY—EXTENSION OF TIME.
    Part payment by the maker of an overdue note is not a sufficient consideration to support a promise to extend the time of payment, and the indorser is not thereby discharged.

3. SAME—EVIDENCE.
    Testimony of plaintiff that at the time of the agreement for forbearance he declared that such extension of time would in no way release defendant, the indorser, the maker being insolvent, did not vary or contradict the note, and was properly received to show the whole transaction at the time.

Appeal from trial term.

Action by George N. Manchester and another against Thomas C. Van Brunt and another to recover on a negotiable note. The defense of Van Brunt, indorser, was, among other things, that plaintiff had extended the time of payment of the note in consideration of part payment by the maker. The testimony of plaintiff at folio 54 of the appeal book, referred to in the opinion, was that he (plaintiff) declared at the time of receiving such part payment that the indorser would not be released thereby, the maker being "not good financially." From a judgment for plaintiffs, defendant Van Brunt appeals. Affirmed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

*Alfred B. Cruikshank,* for appellant. *Sackett & Lang,* for respondents.

McGOWN, J. This action was commenced August 8, 1890, against above-named defendant as indorser upon a promissory note bearing date May 1, 1890, for the sum of $500, payable three months after date, made by Edward

C. Butcher, to the order of, and indorsed by, the defendant Van Brunt, who alone appears herein. The note referred to is as follows:

"$500.00-100.                                          NEW YORK, May 1st, 1890.

"Three months after date I promise to pay to the order of Thomas C. Van Brunt five hundred 00-100 dollars at the Bank of Harlem, N. Y. city. Value received.

"No. ———.                                          EDWARD C. BUTCHER.

"Due Aug. 4, 1890.

[Indorsed] "THOMAS C. VAN BRUNT."

"NEW YORK, Jan. 14th, 1892.

"Recd. one hundred dollars on this note.

"MANCHESTER & PHILBRICK,
"W. T. H.,"

—being plaintiff's Exhibit C. The answer admits the making and indorsing of the note, but denies that notice of presentation, demand, non-payment, or protest was given to the defendant. And in his supplemental answer defendant sets up the following instrument in writing, bearing date the 14th day of January, 1892:

"NEW YORK, Jan. 14th, 1892.

"Received from Edward C. Butcher, Esq., one hundred dollars on account of a note made by said Edward C. Butcher, and indorsed by Thos. C. Van Brunt, said note now being in litigation; and we hereby agree to stop suit on said note, with the understanding that we are to be paid one hundred dollars on account on said note on the 14th day of February next, and paid one hundred dollars on account on the 14th day of March next, and paid one hundred dollars on account on the 14th day of April next, and one hundred dollars and interest on the 14th day of May next, and we are to indorse the payment we made on said note.          MANCHESTER & PHILBRICK.

"Witness: JOHN WHITE,"

—being defendant's Exhibit 1, and alleges that thereby the time of said maker, Butcher, to pay said note was extended, and that said new agreement was substituted in the place of the note in suit, and that the defendant herein was discharged from all liability as indorser of the note in question. The note became due on August 4, 1890, on which day it was presented for payment at the Bank of Harlem, and payment demanded, but was not paid, and was protested for nonpayment, and notice of protest mailed to defendant on the same day. Plaintiffs, on the following day, inclosed notice of protest in one of plaintiffs' business envelopes, which said, "If not called for in so many days return to us," and addressed it to defendant, "Thomas C. Van Brunt, 15 to 25 Whitehall Street, New York City." "That was his business address. I had been there many times, and had seen him, and had done business in his office. I put a two-cent postage stamp on, and personally dropped it in the U. S. mail box on the morning of April 5th." "The letter was never returned." Defendant testified, "I never received notice of protest of this note." The mailing of the notice, as testified to by plaintiff, was all that he was required to do, and was sufficient to charge the defendant, the indorser. See Laws 1857, c. 416, § 3; *Bank* v. *De Groot*, 7 Hun, 210; *In re Manley*, (Sup.) 17 N. Y. Supp. 200. It does not appear that by reason of the return in obedience to the indorsement on the envelope the defendant failed to receive the notice, and the service of the notice by mail was not vitiated thereby. Manchester, the plaintiff, testified that the letter was not returned to him. See *Gaffney* v. *Bigelow*, 2 Abb. N. C. 311. There was an unqualified legal obligation on the part of Butcher, the maker, and Van Brunt, the indorser, to pay the note when due; and the payment of part of the sum due on the note ($100 paid on January 14, 1892) was not a valid consideration for the extension of payment of the remainder. The partial payment of $100, even if made by Butcher, the maker, on account of the note then overdue,

was not a valid consideration for a promise of forbearance as to the residue, so as to discharge Van Brunt, the indorser. *Halliday* v. *Hart*, 30 N. Y. 474. The promise to extend the time of payment of the note was void unless founded upon a good consideration, and the payment of $100, part of the amount due on the note, was not a good consideration for such promise. See *Parmelee* v. *Thompson*, 45 N. Y. 58; *Kellogg* v. *Olmsted*, 25 N. Y. 189; *O'Hara* v. *Robinson*, (Sup.) 18 N. Y. Supp. 541. Daniels, in his work on Negotiable Instruments, says, (section 1317b, 3d Ed.:) "Part payment is not a sufficient consideration for an agreement to extend time, and, therefore, if there be no other consideration for an extension, it would not discharge a surety." The defendant testified: "I think I advanced the money that was paid to Mr. Manchester at that time. I think all the money that Mr. Butcher had came from me. He was an employe, and I was paying him wages." If this be true, then the payment was made by defendant to reduce his own indebtedness upon the note long past due.

The exception taken by the defendant to the admission of the testimony of plaintiff Manchester, at folio 54, was not well taken. The testimony did not vary or contradict the written instrument; it simply showed the whole transaction at the time, the circumstance and conditions under which the instrument was made and delivered by the plaintiffs, and accepted without objection by the defendant, through his agent, White. The question as to whether White was Van Brunt's agent in the matter was left to the jury by the trial justice, and in finding for the plaintiff the jury evidently found that he was such agent. The trial justice, in his charge, submitted the issues raised upon the trial fully and fairly to the jury, and we find no error therein, and also find that the exceptions taken by defendants' attorney to the rulings made by the trial justice, and to his charge, are without merit. The judgment and order appealed from must be affirmed, with costs to the respondent. All concur.