DWIGHT H. OLMSTEAD, as Trustee under the Will of NOAH T. PIKE, Deceased, Appellant, *v.* BRAINARD G. LATIMER and HENRY A. LATIMER, Respondents, Impleaded with FREDERICK B. LATIMER.

1. DEBTOR AND CREDITOR — RELEASE OF SURETY BY EXTENSION OF TIME OF PAYMENT. To have the effect of discharging the surety, an agreement for the extension of time of payment, made by the creditor with the principal debtor without the consent of the surety, must be upon a valid consideration, such as will preclude the creditor from enforcing the debt against the principal.

2. MORTGAGE — AGREEMENT FOR EXTENSION OF TIME OF PAYMENT VOID FOR WANT OF CONSIDERATION. An agreement by the mortgagee, to extend the time of payment of the bond and mortgage until a future day certain, without other consideration than the continuance of the original terms, including the tax, insurance and interest clauses, is void for want of consideration.

3. LIABILITY OF HEIRS FOR INTESTATE'S DEBT. If the heirs of an intestate bondsman and mortgagor, dying seized of the mortgaged premises and other real property but leaving no personal estate, convey the mortgaged premises to one of their number, who agrees with the mortgagee for an extension of the time of payment of the bond and mortgage, none of the heirs is thereby discharged from liability for the deficiency on foreclosure, to the extent of their respective interests in the real property that descended

40

to them, where the extension agreement is void for want of consideration, even assuming that the conveyance of the mortgaged premises to one of their number and his subsequent dealing with the mortgagee had the effect of making him the principal debtor and the other heirs his sureties.

*Olmstead* v. *Latimer*, 9 App. Div. 163, modified.

(Argued January 27, 1899; decided February 28, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 9, 1896, modifying and as modified affirming a judgment entered upon a decision of the court on trial at Special Term.

In August, 1878, one John G. Latimer executed his bond with a mortgage on a lot and building on Atlantic street, Brooklyn, to secure the sum of $18,000 borrowed by him. The plaintiff subsequently acquired that bond and mortgage. In 1884 Latimer died intestate, seized of the mortgaged premises, leaving a widow and four brothers (the three defendants and one James D. Latimer), his only heirs at law. Letters of administration were issued on the estate of John G. Latimer, and upon settlement of the estate it appeared that the personal estate was exhausted by the payment of the debts and expenses of administration, leaving a deficiency in the amount due for administrator's fees. The deceased left real estate of considerable value, all of which was, prior to the commencement of this action, sold by the three defendants Latimer, as heirs at law, for the aggregate sum of $57,500, the value of the widow's dower in which was estimated at $8,426, leaving the net value of the lands sold in the hands of each of the defendants at the time of the trial at $12,268.50, outside of the mortgaged premises. The latter were conveyed, during the years 1888 and 1889, to Frederick B. Latimer by bargain and sale deeds, each reciting the consideration of one dollar. After Frederick had acquired all the interest of his brothers in the mortgaged premises, he and the plaintiff executed the following agreement:

" We agree that the time for the payment of the Bond and Mortgage for $18,000 on 201 and 203 Atlantic Avenue, Brook-

lyn, made by John G. Latimer to the executors of Noah T. Pike and recorded in the Register's office of Kings County in Liber 1425 of Mortgages, page 17, August 24, 1878, being the date thereof, shall be and hereby is extended to May 1, 1895, subject to the same terms and conditions including tax, insurance and interest clauses as at present.

"Dated NEW YORK, *October* 15, 1891.

"DWIGHT H. OLMSTEAD,

"*Executor and Trustee under*
*Will of Noah T. Pike.*

"F. B. LATIMER."

In April, 1892, a fire occurred in the buildings on the mortgaged premises, by which they were partially injured. In an attempt to restore the buildings they collapsed and became a total loss. By this accident the value of the mortgaged premises fell below the amount of the mortgage. Thereafter, the plaintiff instituted this action to foreclose the mortgage and hold the defendants, as heirs at law of the original bondsman and mortgagor, liable for any deficiency. The trial court held the defendant Frederick liable for $\frac{16}{75}$ of any deficiency, and the other defendants not liable. From this decree the plaintiff and the defendant Frederick appealed to the Appellate Division, the former seeking to hold all the defendants, the latter to be relieved from liability. The court modified the judgment by increasing the liability of the defendant Frederick to one-quarter of any deficiency that may arise on the foreclosure sale, and in all other respects affirmed the judgment.

*Charles D. Ridgway* for appellant. The defendants are necessary parties to the action and may be held for any deficiency which may arise on the sale of the mortgaged premises. (Code Civ. Pro. §§ 1627, 1843, 1844, 1848; *Collins' Petition,* 6 Abb. [N. C.] 227; *Glacius* v. *Fogel,* 88 N. Y. 434; *Collier* v. *Miller,* 62 Hun, 99.) The fact that Frederick B. Latimer, after he had received a deed for the mortgaged premises from his brothers, obtained an extension of the time of payment of

the bond and mortgage from the plaintiff from May 1, 1892, to May 1, 1895, does not discharge any of the defendants from the payment of the bond to the extent of the value of the real estate descended to them. (Code Civ. Pro. §§ 1843, 1844, 1848; *Belmont* v. *Coman*, 22 N. Y. 438; *Smith* v. *Cornell*, 111 N. Y. 554; *Chilton* v. *Brooks*, 20 Atl. Rep. 125; *Wadsworth* v. *Lyon*, 93 N. Y. 201; *Hauselt* v. *Patterson*, 124 N. Y. 349.) The relation of principal and surety did not exist between the several defendants because by the Revised Statutes they were required to pay the mortgage debt out of their own property. They were each primarily liable, not jointly but severally, for his share of the debt. (1 R. S. 749, § 4; *Palmer* v. *Purdy*, 83 N. Y. 145.) Each of these defendants is liable for his share of this bond without any regard to the question whether plaintiff has exhausted his remedy against the mortgaged property or not. (Code Civ. Pro. § 1840.) But, admitting the relation of principal and surety did exist between Frederick B. Latimer and the other defendants after the execution of the deeds, still there was no valid extension of the mortgage, and consequently no discharge of the other defendants. (*Halliday* v. *Hart*, 30 N. Y. 474; *Lawrence* v. *Yates*, 37 N. Y. 601; *Gahn* v. *Niemcewicz*, 11 Wend. 312; *Vilas* v. *Jones*, 10 Paige, 76; *Reynolds* v. *Ward*, 5 Wend. 501; *Draper* v. *Romeyn*, 18 Barb. 166; *Kellogg* v. *Olmsted*, 25 N. Y. 180; *Babcock* v. *Kuntzsch*, 85 Hun, 615; *Powers* v. *Silberstein*, 108 N. Y. 171; *Goldsmith* v. *Brown*, 35 Barb. 484.)

*Francis L. Noble, Charles J. McDermott* and *Paul R. Towne* for respondents. An action against the heirs must be brought jointly against them all. (Code Civ. Pro. §§ 1837–1860.) In such an action the sum which the plaintiff is entitled to recover must be apportioned among all of the defendants in proportion to the real property descended to each heir. (Code Civ. Pro. §§ 1847, 1848.) In case of the death of the mortgagor the order of liability is this: *First*, the mortgaged premises. *Second*, the personal estate. *Third*, the heirs at

law. (*Wilbur* v. *Warren*, 104 N. Y. 192; *Hauselt* v. *Pat-
terson*, 124 N. Y. 349; Code Civ. Pro. § 1848; *Johnson* v.
*Corbett*, 11 Paige, 265; 1 R. S. [9th ed.] 749, § 4.) The
written extension of the mortgage given by the plaintiff to
the defendant Frederick B. Latimer is a valid extension. It
was executed after the breach of the sealed agreement, to wit,
the bond, and being for a sufficient consideration is valid.
After breach of a sealed agreement, it may be modified by an
executed parol agreement for a sufficient consideration.
(*Dodge* v. *Crandall*, 30 N. Y. 304; *Homer* v. *G. M. L. Ins.
Co.*, 67 N. Y. 481; *S. R. H. Co.* v. *Brennan*, 64 Hun, 611;
*Grinnan* v. *Platt*, 31 Barb. 228; *Jester* v. *Sterling*, 25 Hun,
344; *Fuller* v. *Kemp*, 138 N. Y. 231; *Thomson* v. *Poor*,
147 N. Y. 402.) As after notice of the conveyance by them
of all their interest in the property to the defendant Fred-
erick B. Latimer, the plaintiff extended the time for the pay-
ment of the mortgage debt when the property was ample
security for such payment, such extension operated to dis-
charge the defendants Brainard G. Latimer and Henry A.
Latimer. (*Paine* v. *Jones*, 76 N. Y. 274; *Murray* v. *Mar-
shall*, 94 N. Y. 611; *Spencer* v. *Spencer*, 95 N. Y. 353.)
The interest which James D. Latimer took in the lands of
John G. Latimer, though by descent it afterwards passed to
the defendants, cannot be reached in this action. (*Frick* v.
*Berg*, 50 Hun, 211; *Platt* v. *Platt*, 105 N. Y. 496; *Rogers*
v. *Patterson*, 79 Hun, 483.)

PARKER, Ch. J. The defendants Latimer, as heirs at law
of the mortgagor, were respectively liable under section 1843
of the Code, for the debts of the said mortgagor decedent to
the extent of their interest in the real property that descended
to them from him. The premises covered by the mortgage
were primarily liable to pay the mortgage debt. As there
was no personal estate the defendants were secondarily liable,
and they were properly made parties in the action of fore-
closure by virtue of section 1627 of the Code, which provides
that "any person who is liable to the plaintiff for the pay-

ment of the debt secured by the mortgage, may be made a defendant in the action ; and if he has appeared, or has been personally served with the summons, the final judgment may award payment by him " of any deficiency. The judgment as it comes to us decrees that the defendant Frederick B. Latimer shall pay one-quarter of the deficiency, but it has been held that the effect of the conveyance of the premises to the defendant Frederick by his brothers in the years 1888 and 1889, together with the fact that he informed the plaintiff of such conveyance, and thereafter made an agreement to extend the time of payment of the bond and mortgage, had the legal effect of making Frederick the principal debtor and his brothers sureties, and hence that the effect of the agreement, extending the time of payment, operated to release the sureties from all liability to the plaintiff on account of the indebtedness evidenced by the bond. Assuming, but not deciding, that the effect of the conveyance, and that which subsequently happened, was to change the obligation of the defendants other than Frederick towards the plaintiff, from that of principals to that of sureties, we come to the question whether the agreement to extend the time of payment was invalid for want of consideration.

There are several decisions in this court in which the question has been considered, and they are in harmony with one another. In *Kellogg* v. *Olmsted* (25 N. Y. 189) the action was on a promissory note by the transferee of the payee. The answer alleged that after the note became due it was mutually agreed between the holder thereof, the payee and the defendants, " that in consideration that the defendants would keep the principal sum of the said note until the first day of April, 1857, and pay the same with interest on that day, he, the said payee, would extend the time of payment of the principal of said note until the first day of April, 1857 ; that the said defendants then and there assented to such proposition, and then and there agreed to and with said Covil to keep said principal sum of said note until the first day of April, 1857, and to pay the same with interest on that day." On the

trial of the action the referee excluded evidence offered by the defendants to establish the defense so specially set up, and exceptions were taken thereto that presented the question to this court. It was held that an agreement by a creditor to postpone payment of a debt until a future day certain, without other or further consideration than the agreement of the debtor to pay the debt with interest, is void for want of consideration, the court citing in support of its position *Miller* v. *Holbrook* (1 Wend. 317); *Gibson* v. *Renne* (19 Wend. 390); *Pabodie* v. *King* (12 John. 426); *Reynolds* v. *Ward* (5 Wend. 501); *Fulton* v. *Matthews* (15 John. 433).

A dissenting opinion was written by Judge DAVIES, who two or three years later wrote the principal opinion in *Halliday* v. *Hart* (30 N. Y. 474). In that case the action was brought to recover against the maker and two indorsers on a promissory note. The indorsers defended on the ground that the plaintiff had, for a valuable consideration, and in writing, extended the time of payment for a period of some months, and claimed that the effect of such extension was to discharge the sureties from liability. The authorities bearing upon the question were very carefully considered, and the court decided that a partial payment by the maker on account of an overdue note, is not a valid consideration for a promise of forbearance as to the residue so as to discharge the indorsers. A concurring opinion was written by Judge HOGEBOOM, in which he says: "The sureties were not discharged. There was no *valid* agreement for the extension of the time of payment. There was no payment of any sum which the party paying was not obliged to pay. The performance of an unqualified legal obligation by payment of part of a sum due upon a note, is not a valid consideration for the extension of payment of the remainder."

The next case in this court was *Lowman* v. *Yates* (37 N. Y. 601). The action was upon a bond given by Ely as principal, with Parmenter as surety, conditioned that Ely should, before a given date, take up and deliver to the plaintiff two mortgages executed by him, amounting to ten thousand dollars. The action was brought against the personal representatives of the

surety, the principal having died. The defense relied upon was that the plaintiff, without the surety's consent, took from the principal four negotiable promissory notes, to be applied upon the bond for the payment in the aggregate of about seven thousand dollars of principal, three, three and one-half, four and five years after date, and indorsed the same upon the bond, thereby extending the time of payment and discharging the defendant as surety. The court recognizing the principle that a creditor by a valid and binding agreement between himself and the principal debtor, extending the time of payment without the consent of the surety, thereby discharges the latter from liability, said that in order that an agreement shall accomplish that result, it must have a sufficient consideration, so as to prevent the prosecution of the debt by the owner, and to prevent the surety from compelling him to enforce it. It was claimed by the plaintiff that he was induced to enter into the agreement, and take notes extending the time of payment, by the fraudulent representations made by the principal debtor, and it was held that the court properly left it to the jury to determine whether the notes were imposed on the plaintiff by fraud, and if so that their receipt by the plaintiff under the agreement did not operate to extend the time of payment of so much of the amount of the bond as their face value represented. It was also held that the judge properly charged that in any event the extension of the time of payment did not discharge the surety as to the residue of the bond beyond the amount of the notes. In *Parmelee* v. *Thompson* (45 N. Y. 58) one of the makers of a promissory note after maturity paid to the payee a sum equal to the amount due thereon and took possession of the note. Subsequently he brought suit against another maker, who gave evidence tending to show that while the payee held the note an action was brought thereon in the Supreme Court, and that it was agreed between the defendants and the plaintiff therein that the suit should be discontinued, the defendant to pay the costs and have until the ensuing December to pay the note; that the costs were paid and the suit discontinued,

after which the plaintiff became the owner of the note and brought the action before the expiration of the time agreed upon, and the trial judge held that there was no valid agreement to extend the time of payment. The judgment was affirmed in this court, the opinion being written by Judge ALLEN, in which he said :. "It is competent for the parties, by a parol agreement, to enlarge the time of performance of a simple contract.    *    *    *    But a promise to extend the time of payment, unless founded on a good consideration, is void. A payment of a part of the debt, or the interest already accrued, or a promise to pay interest for the future, is not a sufficient consideration to support such promise." (Citing *Miller* v. *Holbrook, Gibson* v. *Renne* and *Kellogg* v. *Olmsted, supra.*)

In *Powers* v. *Silberstein* (108 N. Y. 169) the action was brought upon a promissory note made by the firm of Joy & Bowman and indorsed by the defendant Silberstein, who alone answered, setting up as a defense that the note was indorsed by him for the accommodation of the makers, and that the time of payment was extended by an agreement, made without his consent, between the makers and the plaintiff. The plaintiff had judgment in the trial court, which was affirmed at the General Term, but reversed in this court on the ground that there was evidence tending to establish that the plaintiff, after the maturity of the note, agreed with the makers, Joy & Bowman, to forbear the collection of it if they would continue plaintiff's son in their employment, and that Joy & Bowman consented and did retain him in their service upon this consideration. In the course of the opinion the court cited *Lowman* v. *Yates (supra)*, upon the proposition that a mere indulgence by a creditor of the principal debtor will not discharge the surety, and that the agreement for an extension, made without the consent of the surety, must be upon a valid consideration, such as will preclude the creditor from enforcing the debt against the principal, but argued that the plaintiff did not deny that the employment of his son was an inducement to the original loan, or that the subject of his con-

41

tinuing employment was referred to in his conversation with the makers of the note after maturity, and that, taken in consideration with the fact that the loan was allowed to remain standing for three years after the maturity of the note, presented a question for the jury as to whether there was an extension of the time upon a good consideration.

Our attention has not been called to any authority in this court in hostility to the position taken in the decisions we have referred to. The rule laid down by them has been followed in many cases in the trial courts and among them may be found the comparatively recent cases of *Manchester* v. *Van Brunt* (19 N. Y. Supp. 685) and *Babcock* v. *Kuntzsch* (85 Hun, 615). The reasons assigned by the learned justice who wrote for the Appellate Division, in favor of overthrowing the doctrine of these cases, while presented with marked ability and clearness, are not at all new. They were advanced in the dissenting opinion by Judge DAVIES in *Kellogg* v. *Olmsted* (*supra*), the first case in which the question received attention in this court, so far as we are advised. Whether the reasoning of the prevailing or dissenting opinion seems the better, it is not profitable to inquire, for the question was settled by the decision of this court, and has by later adjudications become so firmly grounded that it may not now be questioned.

The judgment should be reversed as to the defendants Henry A. and Brainard G. Latimer, and that of the Special Term modified by striking out the direction to the referee to pay costs to Brainard G. and Henry A. Latimer, and so further modified as to adjudge that the defendants, Frederick B. Latimer, Henry A. Latimer and Brainard G. Latimer, each pay to the plaintiff one-quarter of any deficiency that may arise on the sale of the mortgaged premises under said judgment, and as thus modified affirmed, with costs.

All concur.

Judgment accordingly.