(98 App. Div. 320)

### REPELOW v. WALSH.

(Supreme Court, Appellate Division, Second Department. November 23, 1904.)

1. CHATTEL MORTGAGE—EXTENSION—CONSIDERATION.

    The promise of a chattel mortgagee to forbear or extend the time of payment of the mortgage debt actually due, based on a promise of the mortgagor to pay the sum, with interest, on a later date, is without consideration, and constitutes no defense to a foreclosure of the mortgage.

Appeal from Municipal Court, Borough of Queens, First District.

Action by Bernard H. Repelow against George S. Walsh to foreclose a chattel mortgage. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

C. B. Plante, for appellant.
Eli S. Schieier, for respondent.

HOOKER, J. This action was brought to foreclose a lien on a chattel mortgage. In the year 1900 the defendant purchased a piano of the plaintiff, and gave back the chattel mortgage in suit,

agreeing therein to pay monthly the sum of $5 until the mortgage debt was paid. In each year since 1900 there has been considerable default in these payments, and this action was commenced in June, 1904, to foreclose the lien of the mortgage. The only defense relied upon by the defendant, and which was submitted to the jury, is that of an agreement between the parties to extend the time of payment. This defense is predicated upon this evidence of the defendant: He stated that he had a conversation with the plaintiff in April, 1904, when he said to him: "If you will only give me a little time, I will pay you regularly as clockwork, and, if there is anything that when your payments become due that I keep out of the money, I know I am willing to pay you interest on the money;" to which the plaintiff replied "it would be all right." The rate of interest, it appears, was to be 6 per cent. By objections to the evidence and exceptions to the charge the plaintiff raised the question that such an agreement, were the evidence true, would not constitute a defense in law to the foreclosure of this mortgage, and his contention is supported by the authorities. A promise to forbear, or extend the time of payment of a debt actually due, based upon a promise of the debtor to pay the sum with interest on a later date, is without legal consideration and unenforceable. The Court of Appeals, in Olmstead v. Latimer, 158 N. Y. 313, 53 N. E. 5, 43 L. R. A. 685, has dealt with this very subject, and announces* the development of the rule in this language:

"Our attention has not been called to any authority in this court in hostility to the position taken in the decisions we have referred to. * * * The reasons assigned by the learned justice who wrote for the Appellate Division in favor of overthrowing the doctrine of these cases, while presented with marked ability and clearness, are not at all new. They were advanced in the dissenting opinion by Judge Davies in Kellogg v. Olmsted [25 N. Y. 189], the first case in which the question received attention in this court, so far as we are advised. Whether the reasoning of the prevailing or dissenting opinion seems the better, it is not profitable to inquire, for the question was settled by the decision of this court, and has by later adjudications become so firmly grounded that it may not now be questioned."

It would not serve any useful purpose to refer to the cases cited in that opinion, nor to the numerous cases in this jurisdiction which hold the same doctrine. The court below erred in its interpretation of the law. The facts proved by the defendant did not constitute a defense to the action.

The judgment should be reversed, and a new trial granted. All concur.