EDWIN P. CARR, Respondent, *v.* FRED MORRIS and BEULAH S. MORRIS, Appellants.

Third Department, May 5, 1920.

Mortgages — foreclosure — appeal — findings based on conflicting evidence — failure to take exception to ruling — agreement to extend mortgage without consideration — defense — failure to notify defendant that plaintiff would not abide by his agreement — when costs will be denied plaintiff.

In an action to foreclose a mortgage, the findings of the court, based on conflicting evidence, that the plaintiff did not make an oral agreement extending the mortgage, will not be disturbed on appeal.

The defendant not having excepted to the ruling of the court striking out certain evidence as not being within the pleadings, he cannot raise that question on appeal.

The agreement of the plaintiff made after the mortgage became due as follows: " I hereby extend the life of the mortgage I hold against Fred Morris' farm for two and one-half years. [Signed] Edwin P. Carr," was without consideration and did not constitute a defense to the foreclosure of the mortgage.

The failure of the plaintiff to notify the defendant before commencing foreclosure proceedings that he did not intend to abide by his written statement does not constitute either a legal or an equitable defense to the proceedings.

But as the defendants probably would have paid the mortgage when it became due if the plaintiff had insisted and to that extent he may have caused them the extra expense of the costs incidental to the action, neither costs on appeal nor in the court below will be awarded to the plaintiff.

WOODWARD, J., dissented.

APPEAL by the defendants, Fred Morris and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Otsego on the 21st day of July, 1919, upon the decision of the court rendered after a trial at the Otsego Special Term directing the sale of real property in an action to foreclose a mortgage, and also from an order entered in said clerk's office on the 26th day of September, 1919, denying defendants' motion to amend the decision and judgment.

*George Wohlleben* and *George L. Bockes*, for the appellants.

*Merritt Bridges*, for the respondent.

KILEY, J.:

On the 25th day of February, 1915, the defendants gave to the plaintiff a mortgage upon their farm situate in Otsego county, N. Y., to secure the payment of the principal sum of $2,000 as evidenced by the bond of the defendant Fred Morris, given at the same time to the plaintiff; interest was to be five per cent, payable semi-annually, and principal due three years from date. It was also provided in said mortgage that if defendant defaulted in payment of the interest or the taxes assessed against said premises for sixty days, the mortgagee could elect to have the whole amount due. This is an equity action, and after a trial before the court at an adjourned Special Term, the plaintiff had judgment. The action was

commenced February 3, 1919; the complaint is the usual complaint in foreclosure; the mortgage, by its terms, became due February 25, 1918. The defendants answered separately setting up a general denial with exceptions, and alleged as an affirmative defense that the plaintiff extended time of payment two and one-half years, and that by reason thereof nothing was due on said mortgage at the time of the commencement of the action. The questions presented for consideration upon this appeal arise with reference to this extension. The defendants testified upon the trial that about February 1, 1918, first day of the month when the mortgage was to become due (February twenty-fifth), they went to plaintiff's residence to see if he wanted his money and to ask for an extension on the principal for three years longer; they testified that they told plaintiff they had raised part of it and wanted a chance to raise the balance; that plaintiff said they could have the extension and defendant could invest the money which he was going to pay him in stock. Defendants testify further that they asked for the extension in writing and plaintiff agreed to give it to them in writing. The February, 1918, interest was paid and on August 6, 1918, nineteen days before the six months' interest was due under the extension, defendants went to plaintiff's house and paid him that six months' interest and asked for the extension in writing, which plaintiff gave in the following form and words:

" I hereby extend the life of the mortgage I hold against Fred Morris' farm for two and one-half years.

" EDWIN P. CARR."

The court before which the case was tried found the foregoing as a fact. Plaintiff admits that he gave the foregoing extension; that he never notified the defendants that he was not going to observe its provisions, and gives as a reason for not keeping his written word that it was without consideration and, therefore, void; that he commenced the foreclosure for that reason, and for the further reasons that defendants moved off the farm and defaulted in payment of taxes. This last, under the evidence, may be dismissed as not calling for serious consideration. The first question

Third Department, May, 1920. [Vol. 191.

affecting the plaintiff's right to have the judgment sustained is the striking out of evidence with reference to the agreement testified to by the defendants as having taken place about February 1, 1918, as to the three years' extension; that evidence came into the record without objection. The plaintiff denies that such agreement was made at that time; defendants contend that the August 6, 1918, agreement was to be a writing of the extension of three years agreed to in February, 1918. At the close of the testimony plaintiff's attorney moved to strike out the evidence of defendants as to the agreement of the three-year extension, because it was not within the pleadings. The court said: "Well, it is not." No exception was taken; but on motion for new trial made by defendants the court in his opinion said the evidence should be stricken out because it was not within the pleadings; and in his ninth finding of fact he found that the writing was made and delivered without consideration. The defendants asked the court to find that it was made and delivered for consideration; this request was refused and was duly excepted to by the defendants; they also asked the court to find, in effect, that this oral agreement was made, which request was refused and exception duly taken. The evidence was conflicting as to the making of the oral agreement for three years and the court could and did find, as a matter of fact, it was not made. We cannot disturb that finding. The ruling on the motion to strike out the evidence as to the three years' agreement, such as that ruling was, was not excepted to and does not avail the appellants upon this appeal. There is no consideration for the written extension of August 6, 1918, unless it harks back to February 1, 1918, when defendants claim the oral agreement for three years' extension was made; but the court on a conflict of evidence, presenting an issue of fact, has found that such agreement was not, in fact, made; and when motion was made by the plaintiff's attorney to strike out the evidence as not within the pleadings, which, in effect, was done, no exception was taken.

We think, however, that the agreement was without consideration, and that such conclusion is applicable to either the oral or written agreement. (*Olmstead* v. *Latimer*, 158 N. Y. 313.) The rule in 158 New York was followed in *Repelow* v.

*Walsh* (98 App. Div. 320). *Babcock* v. *Kuntzsch* (85 Hun, 615) is to the same effect. It seems that the rule laid down in 158 New York (*supra*) is decisive on this question. In *Ashner* v. *Farmers' Loan & Trust Co.* (102 Misc. Rep. 662) the court says that the point of no consideration for the extension of time was raised, and cited 158 New York (*supra*), but as it had been found that no such agreement had been made it was unnecessary to pass on that point. As bearing upon defendant's attitude as to damage he claimed to have suffered, it will be observed that plaintiff offered to take $1,900 in settlement of the mortgage and costs; the defendants declined the offer. Were defendants trying to hold use of farm for $100 a year? Plaintiff claims the defendants abandoned the farm, viz., left it and bought another farm; defendants say they put some one on the farm. In getting at the equity of the case it is proper to consider those circumstances. As much as we may deprecate the act of the plaintiff in commencing this foreclosure without giving defendants notice that he did not intend to abide by his written statement of extension given them on August 6, 1918, we fail to see how, under the evidence and authorities, it can be made a legal or equitable defense to this action. It may be assumed that defendants would have paid him the mortgage if he had insisted upon it February 25, 1918, and to that extent he may have caused them the extra expense of the costs incidental to the action.

In view of this phase of the case, which may be righted by the equity side of the court in a small degree, it is found that the judgment should be affirmed, but without costs in this court or in the court below.

All concur, except WOODWARD, J., who votes for reversal.

Judgment modified by striking therefrom the costs awarded to the plaintiff, and as modified affirmed, without costs.