SYLVIA RESNICK BERKOWITZ and Others, Appellants, v. D. D. HOLDING CORPORATION, Respondent.

First Department, May 29, 1930.

*Leon Engelsberg*, for the appellants.

*Benjamin Lichterman*, for the respondent.

FINCH, J. From an order denying a motion for judgment on the pleadings, plaintiffs appeal.

The complaint sets forth one cause of action, namely, to foreclose an unpaid seller's lien on personal property. The amended answer contains certain denials and an affirmative defense. The complaint is based upon a written agreement by which plaintiffs sold to defendant certain personal property for $30,000, payable in fixed installments on given dates. The property sold was to be delivered to the attorneys for the defendant, to be held by them in escrow until the payment of the full purchase price, the title to the property to remain meanwhile in the plaintiffs. In case of default in the payment of any installment for ten days, the entire unpaid balance was to become immediately payable.

The plaintiffs delivered this property to the escrow holders pursuant to the agreement, and the defendant has been in default in the payment due October 15, 1929, for more than ten days. The plaintiffs, therefore, have elected to call due the entire unpaid balance, amounting to $7,500.

The defendant sets up, by way of affirmative defense, an oral modification of the written agreement extending the time of payments of the unpaid balance until November 18, 1930. The defendant also has interposed certain denials.

The alleged separate and distinct affirmative defense is no defense, and the denials in the answer raise no issue. The affirmative defense purports to set forth that after the defendant was in default it applied to the plaintiffs for an extension of time, which was granted. No consideration is alleged in this defense. An agreement to extend time which is unsupported by a consideration, is invalid. (*Parmelee* v. *Thompson*, 45 N. Y. 58.) The court there said: " A promise to extend the time of payment of a debt is void, unless founded upon a good consideration; and a payment of a part of the debt or the interest already accrued, or, an agreement to pay interest for the future, is not a sufficient consideration for such a promise * * *."

Nor could the defense operate as a waiver and estoppel, since to create a valid estoppel based upon a waiver, it must be alleged that before the defendant was in default the plaintiffs waived the payment and the defendant, relying upon the waiver, allowed the time to pass by. As was said by Mr. Justice McAVOY, writing for the court in *Davison Coal Co., Inc.*, v. *Weston, Dodson & Co., Inc.* (209 App. Div. 514; affd., 240 N. Y. 705): " An alleged oral extension of time in a contract required to be in writing will not be enforced unless there is evidence that the party who claims the benefit of the oral agreement could have performed within the

original time set, but refrained from doing so in reliance on the alleged extension. The basis of permitting proof of oral modifications of contracts required to be in writing under the Statute of Frauds is the doctrine of estoppel. In *Thomson* v. *Poor* (147 N. Y. 402) the rule is thus announced: ' * * * Where one party to a contract, before the time for performance by the other party has arrived, consents, upon his request, to extend the time of performance, he must be presumed to know that the other party relies upon the consent, * * *.'

" Evidence of the alleged oral extension of time to perform should have been excluded, and for failure to show performance within the written contract time the complaint should have been dismissed."

Upon the face of the pleading the defendant was already in default, since the installment in question was due on the 15th of October, 1929, and the defense alleges that the agreement was made on the 18th of November, 1929. The incidental allegation by the defendant in its defense of estoppel that it had paid on account $400 more than alleged by the plaintiffs, is not set up as a separate defense of payment, and at most would constitute a partial defense or offset, and not a defense. The exact amount paid on account is a matter that can be determined by the referee appointed to sell at foreclosure. (Rules Civ. Prac. rule 256.) This slight discrepancy, therefore, in the amount remaining unpaid is not a bar to the relief to which the plaintiffs are entitled, namely, the foreclosure of their lien. The affirmative defense, therefore, is invalid and raises no issue.

None of the denials raises any issue. It appears upon the face of the pleading that the defendant was in default for a longer period than ten days, wherefore, pursuant to the terms of the agreement, it follows that the entire balance was due and payable, and the suit itself was a demand. This disposes of the denials of paragraphs 5 and 6 of the complaint. The denial that plaintiffs had duly performed raises no issue, because the only condition which the plaintiffs had to perform was to deliver to the attorneys of the defendant the personal property to be held by them in escrow, and it appears that this had been done. The denial of the allegation that the defendant's interest in the subject-matter of the action was subordinate to the lien of the plaintiffs as an unpaid seller, presents no issue. As a matter of law an unpaid seller has a lien for the purchase price superior to any interest of the buyer. (Pers. Prop. Law, § 134, as amd. by Laws of 1911, chap. 571.)

From all the foregoing it is evident that the so-called affirmative defense is no defense and that not a single issue of fact is raised

by the denials. The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion of plaintiffs for judgment on the pleadings should be granted, with ten dollars costs.

Dowling, P. J., Merrell, McAvoy and Sherman, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.