## BLAKE v. CLAUSEN.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

STATUTE OF LIMITATIONS—LIABILITY OF TRUSTEES FOR DEBTS OF CORPORATION.
    The statute of limitations begins to run in favor of trustees who are liable
    for corporate debts because of their failure to file an annual statement (Laws
    1875, c. 510) from the time the debt first became due and enforceable by ac-
    tion, and is not suspended by subsequent extensions, granted without the
    consent of the trustees. 38 N. Y. Supp. 514, affirmed.

Appeal from trial term, New York county.

Action by Israel C. Blake against George C. Clausen. The com-
plaint was dismissed on the merits, after a trial by the court with-
out a jury (38 N. Y. Supp. 514), and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
O'BRIEN, and INGRAHAM, JJ.

Philip Carpenter, for appellant.
Samuel Untermyer, for respondent.

O'BRIEN, J. The action was brought to charge the defendant,
as trustee of the Brewers' Ice Company, with liability upon a claim
of $6,000, the amount of a loan made by plaintiff to the company
on December 22, 1888, for failure of the company to file its annual
report. All the allegations of the complaint are admitted by the
answer. The sole defense is the statute of limitations. A six
months' note was given for the loan, which became due June 25,
1887. On that day a renewal note was given, which became due
October 28, 1887. This latter note was allowed to run along with-
out renewal from the date of its maturity, October 28, 1887, until
April 2, 1888, when a new note was given, due in April, 1889; and
then the final note was given, due April 5, 1890. This latter date
is the one from which the appellant insists the three-years stat-
ute of limitations began to run. All that need to be added to
the opinion of the learned trial judge is that if we should not hold
the statute as beginning to run at the date of the maturity of
the first note, in June, 1887, and assume that, by the renewal of
the note and the extension until October 28, 1887, the running of
the statute was suspended for that intervening period, then, clearly,
the debt was due, and the plaintiff could have enforced the liabil-
ity on October 28, 1887. As stated, from that date until April
2, 1888, while there is evidence tending to show that there was an
oral extension, no note was given therefor, and the plaintiff was
at liberty at any time during that period to commence an action,
and enforce the debt against the corporation. An action, how-
ever, upon that note, which matured October 28, 1887, is equally
barred by the statute of limitations, for the statute then commen-
ced to run; and, if once set in motion, it could not be stayed or
suspended by the new note which was given in April, 1888. Apart,
therefore, from the question whether the statute commenced to run
when the first note matured, we think it clear that, if it did com-
mence to run in October, 1887, and thereafter was not suspended,

the action, not having been brought within three years thereafter, was barred. The judgment was right, and should be affirmed, with costs. All concur.