HILDERBRANDT v. FALLOT.

(Supreme Court, Appellate Term. March 21, 1905.)

1. PAYMENT—TAKING OF NOTE.

The taking by a creditor of the debtor's note for an existing indebtedness does not merge or extinguish the indebtedness, but the note is merely evidence of the debt; and, when default is made in payment, the creditor may sue upon the original demand, and bring the note into court, to be delivered up on the trial.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Payment, §§ 70–73.]

2. CONTRACTS—EXTENSION OF TIME—CONSIDERATION.

A promise to extend the time of payment of a debt is not binding when not supported by a sufficient consideration.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, §§ 334, 335; vol. 11, Cent. Dig. Contracts, § 317.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Emil Hilderbrandt against Oscar Fallot. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Louis Wendel, for appellant.

P. M. Pelletreau, for respondent.

BLANCHARD, J. The plaintiff loaned the defendant several sums of money, some of which was returned; and, upon an adjustment of their accounts, there remained due to the plaintiff $400, for which the defendant gave the plaintiff his promissory note. The note was dated April 15, 1894, but both parties conceded on the trial that the date should be 1904, and, as originally drawn, "due no time." The following September the defendant struck out the words "no time," and wrote instead "May 1st, 1905." He claims the time was extended by agreement. This the plaintiff denies. In any event, there was no consideration for the extension. The plaintiff sued the defendant in this action to recover for money loaned, disregarding the note. The defendant pleaded the outstanding note in the hands of the plaintiff, and that it was not due, and that the action was prematurely brought. Such was the issue. The trial court gave judgment for the plaintiff, and the defendant appeals.

It is the well-settled law of the state that the taking by a creditor of the debtor's note for the existing indebtedness does not merge or extinguish the indebtedness. The note is simply evidence of the debt, and when default is made in the payment the creditor may sue upon the original demand, and bring the note into court, to be delivered up on the trial. This is what was done in this case, and the note in question is a part of the record. Even admitting that the plaintiff promised to extend the time of payment of the note to May 1, 1905, as claimed by the defendant, such promise was not binding upon the plaintiff, for the reason that the promise was not supported by sufficient consideration. In the case of Parmelee v. Thompson, 45 N. Y. 58, 6 Am. Rep. 33, the court says, "A prom-

ise to extend the time of payment of a debt is void, unless founded upon a good consideration." To the same effect is Blake v. Clausen, 10 App. Div. 223, 41 N. Y. Supp. 772, affirmed in 158 N. Y. 727, 53 N. E. 1123.

It follows that the judgment must be affirmed, with costs. All concur.